## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE SABACH<br><br>               Plaintiff,<br><br>    v.<br><br>NANTICOKE REHABILITATION<br>AND HEALTHCARE LLC, D/B/A<br>LAKEWOOD REHABILITATION &<br>HEALTHCARE CENTER<br><br>    and<br><br>CENTURY HEALTHCARE<br>CONSULTING<br><br>               Defendant. | CIVIL ACTION NO. 3:25-cv-00883-KM |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Nanticoke Rehabilitation and Healthcare LLC d/b/a Lakewood Rehabilitation & Healthcare Center (hereinafter "Nanticoke") and Century Healthcare (hereinafter "Century") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed by Plaintiff Julie Sabach, denying each and every averment except as to those expressly admitted below.

## INTRODUCTION

1.       Defendants admit only that Plaintiff purports to bring claims alleging violations of the Family and Medical Leave Act ("FMLA"), and whistleblower-related states laws, specifically for wrongful termination. Defendants deny the remaining averments in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.       Defendants admit only that Plaintiff purports to invoke this Court's jurisdiction over this matter. The remaining averments in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

3.       Defendants admit only that Plaintiff purports to invoke this Court's jurisdiction over the Defendants in this matter. The remaining averments in Paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

4.       The averments in Paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

## PARTIES

5.       Defendants incorporate by reference their responses to Paragraphs 1 through 4 of the Complaint as though fully set forth herein.

6.     Defendants admit only that Plaintiff is an adult individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 6 and, on that basis, the averments are denied.

7.     Defendants admit the averments in Paragraph 7 of the Complaint.

8.     Defendants deny the averments in Paragraph 8 of the Complaint.

9.     The averments in Paragraph 9 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

10.     The averments in Paragraph 10 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

## FACTUAL BACKGROUND

11.     Defendants incorporate by reference their responses to Paragraph 1 through 10 of the Complaint as though fully set forth herein.

12.     Defendants admit only that Plaintiff was hired on December 27, 2016, and was terminated in April 2025. The remaining averments in Paragraph 12 of the Complaint are denied.

13.     Defendants admit the averments in Paragraph 13 of the Complaint.

14.     Defendants admit the averments in Paragraph 14 of the Complaint.

15.     Defendants admit the averments in Paragraph 15 of the Complaint.

16.     Defendants admit only that Plaintiff typically worked two 16-hour shifts and was paid for 40 hours of work. The remaining averments in Paragraph 16 of the Complaint are denied.

17.     Defendants deny the averments in Paragraph 17 of the Complaint. By way of further answer, Plaintiff reported to the supervisor assigned to her particular shift.

18.     Defendants deny the averments in Paragraph 18 of the Complaint. By way of further answer, Andy Wolak is the CEO of Century Healthcare.

19.     Defendants admit only that Plaintiff was suspended and subsequently terminated from employment effective April 23, 2025. The remaining averments in Paragraph 19 of the Complaint are denied.

## FMLA INTERFERENCE & RETALIATION

20.     Defendants are without knowledge or information sufficient to respond to the averments in Paragraph 20 of the Complaint, and, on that basis, the averments are denied.

21.     Defendants admit Plaintiff sought and was approved for intermittent FMLA leave during her employment. Defendants are without knowledge or information sufficient to respond to the remaining averments in Paragraph 21 of the Complaint, and, on that basis, the averments are denied.

22.     Defendants are without knowledge or information sufficient to respond to the averments in Paragraph 22 of the Complaint, and, on that basis, the averments are denied.

23.     Defendants deny the averments in Paragraph 23 of the Complaint.

24.     Defendants deny the averments in Paragraph 24 of the Complaint.

25.     Defendants deny the averments in Paragraph 25 of the Complaint.

26.     Defendants deny the averments in Paragraph 26 of the Complaint.

27.     Defendants deny the averments in Paragraph 27 of the Complaint.

28.     Defendants deny the averments in Paragraph 28 of the Complaint.

29.     Defendants deny the averments in Paragraph 29 of the Complaint.

30.     Defendants deny the averments in Paragraph 30 of the Complaint.

## REPORTING ILLEGALITIES AND WHISTLEBLOWING

31.     Defendants admit the averments in Paragraph 31 of the Complaint.

32.     Defendants deny the averments in Paragraph 32 of the Complaint.

33.     Defendants are without knowledge or information sufficient to respond to the averment about what Plaintiff allegedly "learned" and, on that basis, the averments are denied.

34.     Defendants are without knowledge or information sufficient to respond to the averment about Plaintiff's concerns and, on that basis, the averment is denied. The remaining averments in Paragraph 34 of the Complaint are denied.

35. Defendants admit only that Plaintiff made a complaint to the Department of Health. The remaining averments in Paragraph 35 of the Complaint are denied.

## PLAINTIFF'S SUSPENSION AND TERMINATION

36. Defendants admit only that KP was arrested and removed from the facility, and that the Department of Health, the Attorney General, the State Board of Nursing, and the Newport Township Police Departments investigated an anonymous complaint. The remaining averments in Paragraph 36 of the Complaint are denied.

37. Defendants deny the averments in Paragraph 37 of the Complaint.

38. Defendants admit only that Plaintiff was terminated effective April 23, 2025. The remaining averments in Paragraph 38 of the Complaint are denied.

39. Defendants admit only that Plaintiff was sent a termination letter signed by Brittany Shibak on or around April 24, 2025, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining averments in Paragraph 39 of the Complaint are denied.

40. Defendants deny the averments in Paragraph 40 of the Complaint.

41. Defendants deny the averments in Paragraph 41 of the Complaint.

# FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA')
### (INTERFERENCE & RETALIATION)

42. Defendants incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Defendants admit only that Plaintiff sought and was approved for intermittent FMLA leave. The averments in Paragraph 43 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

44. Defendants deny the averments in Paragraph 44 of the Complaint.

45. Defendants deny the averments in Paragraph 45 of the Complaint.

# SECOND CAUSE OF ACTION
## VIOLATIONS OF THE ADULT PROTECTIVE SERVICES ACT ("APSA")
### (35 P.S. §§ 10210.101 *et. seq.*)
### (RETALIATORY ACTION/INTIMIDATION)

46. Defendants incorporate by reference their responses to Paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. The averments in Paragraph 47 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

48. The averments in Paragraph 48 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

49.     Defendants deny the averments in Paragraph 49 of the Complaint.

50.     Defendants admit only that Plaintiff was suspended and subsequently terminated from employment. The remaining averments in Paragraph 50 of the Complaint are denied.

51.     The averments in Paragraph 51 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

52.     Defendants deny the averments in Paragraph 52 of the Complaint.

53.     Defendants deny the averments in Paragraph 53 of the Complaint.

**THIRD CAUSE OF ACTION**
**RETALIATORY TERMINATION OF VIOLATION OF THE MEDICAL**
**CARE AVAILABILITY AND REDUCTION OF ERROR ("MCARE") ACT**
**(WHISTLEBLOWER RETALIATION)**

54.     Defendants incorporate by reference their responses to Paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55.     The averments in Paragraph 55 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

56.     The averments in Paragraph 56 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

57. The averments in Paragraph 57 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

58. Defendants deny the averments in Paragraph 58 of the Complaint. Defendants specifically deny that they violated Plaintiff's rights in any way, that they violated any law or statute, that Defendants interfered with any of her rights, or that Plaintiff is entitled to any damages.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE PENNSYLVANIA COMMON LAW
## (WRONGFUL DISCHARGE)

59. Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. Defendants deny the averments in Paragraph 60 of the Complaint.

61. The averments in Paragraph 61 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

62. Defendants deny the averments in Paragraph 62 of the Complaint.

63. Defendants deny the averments in Paragraph 63 of the Complaint.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to the relief sought in the Wherefore clause and respectfully request that judgment be entered in their favor and against Plaintiff and that Defendant be awarded their costs and

disbursements in this action, including reasonable attorneys' fees and such other relief that the Court deems just and proper.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendants reserve the right to amend this Answer and assert additional affirmative defenses based upon information obtained during pretrial discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendants did not restrain or deny Plaintiff's rights under the FMLA.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff was, at all times, an at-will employee of Defendants and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

### FOURTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and for legitimate and

nondiscriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all actions of Defendants were proper, privileged, justified, and undertaken in good faith.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by her own acts, omissions, or conduct. In addition, if any damages have resulted for which Defendants are held liable, Plaintiff failed, in whole or in part, to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover some or all of the damages alleged. Plaintiff's claims for relief are limited by the statutory limitations on damages. Any claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive and/or liquidated damages, do not evidence a malicious or reckless intent to deny Plaintiff her rights, and are not wanton or willful actions by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty to, or right of, Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

To the extent the wrongful acts alleged in the Complaint are true, they are attributable to individuals acting outside the scope of their employment with Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

\*       \*       \*       \*

Defendants reserve the right to amend this Answer to add, amend, or modify their defenses, and to add claims, as necessary, after a reasonable opportunity for discovery.

Dated: August 14, 2025

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s Renee N. Smith*
Renee N. Smith (PA ID No. 65866)
Preeya Bansal (PA ID No. 319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Renee N. Smith, hereby certify that on this 14th day of August 2025, a true and correct copy of the foregoing Answer of Defendants to the Complaint of Plaintiff Julie Sabach was filed electronically and served via the Court's ECF System upon the following counsel of record:

Ari R. Karpf, Esq.
Christine Burke
Karpf, Karpf, & Cerutti, P.C.
8 Interplex Drive, Ste. 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
cburke@karpf-law.com
*Attorney for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire

4918-4017-3917, v. 2