Attorneys for Plaintiff:   Christine Burke Esq.
                           Karpf, Karpf & Cerutti, P.C.
                           8 Interplex Drive, Ste. 210
                           Feasterville-Trevose, PA 19053
                           cburke@karpf-law.com

Attorneys for Defendant:   Renee N. Smith
                           Preeya Bansal,
                           Jackson Lewis P.C.
                           1601 Cherry Street, Ste. 1350
                           Philadelphia, PA 19102
                           Renee.Smith@jacksonlewis.com
                           Preeya.Bansal@jacksonlewis.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE SABACH | ) CASE NO. 3:25-CV-00883-KM |
| | ) |
| **Plaintiff** | ) |
| v. | ) |
| | ) |
| NANTICOKE REHABILITATION AND | ) |
| HEALTHCARE LLC, D/B/A LAKEWOOD | ) |
| REHABILIATION & HEALTHCARE | ) |
| CENTER | ) |
| | ) |
| AND | ) |
| | ) |
| CENTURY HEALTHCARE CONSULTING | ) |
| | ) |
| **Defendants** | ) |
| | ) **JUDGE MEHALCHICK** |
| | ) |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If

the space on this form is not sufficient, the form should be retyped or additional pages attached. No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

**1. Principal Issues**

1.1 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

**Ms. Sabach was hired by Defendants on or about December 12, 2016; and in total, Ms. Sabach was employed by Defendants for approximately 8.5 years (until termination in April of 2025). Ms. Sabach was employed by Defendants as a Registered (and Charge) Nurse during her period of employ. Ms. Sabach physically worked for Respondents at Defendant LRHC (in Nanticoke, PA). Defendant LRHC is one of several locations operated, overseen and managed by Defendant Century. Upon information and belief, Oak Ridge Rehabilitation & Healthcare Center, Mountain Top Rehabilitation & Healthcare Center, Forest Hills Rehabilitation & Healthcare Center, Meadow View Rehabilitation & Healthcare Center, and Birchwood Rehabilitation & Healthcare Center (among potentially others) are also managed, operated and overseen by Defendant Century.**

**Ms. Sabach typically worked 2, 16-hour shifts on weekends (totaling 32 hours) but because of the strenuous schedule was paid for a 40-hour workweek. From 3 PM – 11 PM, Ms. Sabach was typically supervised by Stephanie Schoefield ("Schoefield"). From 11 PM to 7 AM, Ms. Sabach was typically supervised by Yvonne Bruzza ("Bruzza") and Susan Drozda ("Drozda"). From a higher-level management standpoint, Ms. Sabach reported to Brittany Shiback ("Shiback"), the Administrator, and indirectly, to Andy Wolak ("Wolak"). Wolak was known as corporate management**

within Century overseeing Ms. Sabach's facility and all management therein (as centralized corporate management and human resources was utilized to direct and operate all similar facilities).

Ms. Sabach was terminated (following a near 2-week suspension) by Defendants effective on or about April 23, 2025, and Ms. Sabach contends her suspension and subsequent termination were motivated by unlawful discriminatory and retaliatory decision making explained infra.

[1] FMLA INTERFERENCE & RETALIATION

Ms. Sabach's husband has severe (life-threatening) disabilities. Such health problems include end-stage COPD, seriously impaired lung capacity, and a host of other medical complications. Due to Ms. Sabach's husband having severe episodic flareups, medical appointments, and an inability to care for himself at times - - Ms. Sabach sought and was approved for intermittent leave under the FMLA later in her employment tenure. The conditions of Ms. Sabach's husband have unfortunately progressively worsened over time, such that they were in fact at their most severe during Ms. Sabach's last year of employment with Defendants. Ms. Sabach was utilizing a significant amount of intermittent leave under the FMLA towards the end of her employment, such that it was upsetting Shiback who had no hesitation in being vocal about her dislike of Ms. Sabach's FMLA usage. Shiback, the highest manager overseeing Defendant LRHC, made many discriminatory comments toward Ms. Sabach. She told Ms. Sabach things like: "you are abusing FMLA," "you take too much time off," if your husband's condition keeps worsening, you will be taking even more time, and she claimed Ms. Sabach was "too distracted" because of her spousal care needs. These are just examples of a barrage of ignorant, inappropriate, and discriminatory comments towards Ms. Sabach. The antagonism towards Ms. Sabach's FMLA needs by Shiback was extremely egregious. She didn't hang up her phone properly on one (1) occasion and yelled that Ms. Sabach is a "piece of shit" who is "never here" because of her FMLA usage and who calls off all the time. Shiback was so hostile towards Ms. Sabach's FMLA usage that she was directing schedulers not to approve of Ms. Sabach's medical time off for her husband, completely

obstructing Ms. Sabach's attempted FMLA usage. Ms. Sabach had to interact with the regular scheduler and corporate overseer of scheduling to be able to use FMLA and have her time approved properly because of Shiback's unlawful directives (to obstruct her FMLA usage). Ms. Sabach was also on numerous occasions threatened by Shiback with discipline or termination if she keeps calling out, where Shiback would say "even if it is for your husband." Ms. Sabach expressed concerns of FMLA mistreatment to numerous levels of management, including to Shiback directly. The hostile work environment on account of Ms. Sabach's FMLA needs and FMLA complaints of mistreatment continued through Ms. Sabach's pretextual termination (explained more below). And Ms. Sabach was terminated in close temporal proximity to all of this occurring.

**[2] REPORTING ILLEGALITIES AND WHISTLEBLOWING**

In January of 2025, there was a sexual assault incident amongst residents. In particular:

• KP (a resident) is known as a sex offender within Defendants' facility (and under
Defendants' care).

• DD (a resident) is wheelchair bound but can move around.

• DD reported to Jennifer Moses ("Moses") that his genitals were stroked by KP
(hereinafter "the sexual assault").

• Moses reported to Shiback that the sexual assault occurred and/or had been
reported to her by DD.

Ms. Sabach had observed no meaningful actions being taken as a result of the sexual assault and communicated with Shiback about what was occurring (or for that matter, what was not occurring). Ms. Sabach was told by Shiback that the police were contacted. Ms. Sabach learned that neither the police, nor KP's parole officer, had been actually contacted by Shiback (or others within Defendants). Ms. Sabach, a mandated reporter, was very concerned about the

safety of residents around KP and that it appeared Defendants were actually trying to evade any form of reporting or investigation. Ms. Sabach became very vocal internally (within Defendants) about her concerns, and Ms. Sabach reported the sexual assault herself to numerous regulatory bodies including the Department of Health ("DOH"), the Attorney General, and the Office of State inspector General ("OSIG").

[3] MS SABACH'S SUSPENSION AND TERMINATION

As a result of Ms. Sabach's complaints to outside agencies and mandated reporting, KP was charged criminally and Defendants have been undergoing a comprehensive investigation by outside authorities (and regulatory bodies). On or about April 9, 2025, Shiback verbally admonished Ms. Sabach for complaining to agencies, demanded that Ms. Sabach withdraw and/or retract her complaints to outside agencies (as a condition of remaining employed), and further expressed that Defendants are operating through a provisional license and Ms. Sabach was putting that in jeopardy. Ms. Sabach was directly told by Shiback that Ms. Sabach was being placed on "administrative leave" because she reported the sexual assault to outside agencies. Ms. Sabach's husband heard much of this conversation, as Ms. Sabach was speaking on her speaker phone. Ms. Sabach was then informed she was terminated effective on or about April 23, 2025: (a) despite being given no information as to why in advance; and (b) despite being given no opportunity to discuss whatever purported rationale Defendants would later base her termination.

After demanding a rationale for her termination, Ms. Sabach received a termination letter signed by Shiback and dated April 24, 2025, for alleged failure to report the same sexual incident that was the substance of her complaints to the Department of Health.

Shiback had terminated Ms. Sabach for a completely made-up (false) reason claiming Ms. Sabach did not properly report a sexual incident involving the same resident (KP) nearly 2 months prior to Ms. Sabach's termination from employment. Ms. Sabach's termination was absolutely absurd in that: (a) she didn't witness the incident directly in February 2025; (b) she was told it was being handled by upper management who had received such

information; (c) Ms. Sabach was not warned, disciplined, or investigated for this issue in the months preceding her termination; and (d) nobody else was terminated to Ms. Sabach's knowledge for improper handling of the February reporting. And obviously - - Ms. Sabach was given an entirely different reason for being terminated than when she was placed on administrative leave.

By defendant(s):

Plaintiff's claims are wholly without merit. At no time did Defendants interfere with Plaintiff's rights under the Family Medical and Leave Act ("FMLA"), nor did Defendants retaliate against Plaintiff or otherwise violate federal, state, or local law. Instead, Plaintiff's employment was terminated solely for a legitimate, nondiscriminatory and nonretaliatory reason – namely, as a mandated reporter, Plaintiff failed to report an allegation of abuse that occurred on February 22, 2025, pursuant to the Elder Justice Act. Indeed, Defendants approved Plaintiff's requests for intermittent FMLA leave throughout her employment.

Defendant intends to move for dispositive relief to dismiss some or all of Plaintiff's claims.

1.2 The facts the parties dispute are as follows:

-Whether Plaintiff was unlawfully terminated in retaliation for attempting to exercise her rights under the FMLA and engaging in whistleblowing protected activity.

-Whether Defendants interfered with Plaintiff's right to FMLA leave.

-The extent of Plaintiff's damages.

agree upon are as follows:

-Dates of Plaintiff's Employment

-Plaintiff's Job Title

> **-Hours Plaintiff worked per week**
>
> **-Plaintiff sought and was approved for intermittent FMLA leave**
>
> **-There was a sexual assault incident amongst residents in January 2025**
>
> **-Plaintiff made a complaint to the Department of Health**

1.3 The legal issues the parties dispute are as follows:

> **Whether Plaintiff's rights under the FMLA, the Adult Protective Services, MCARE Act, Pennsylvania common law were violated in any way.**

agree upon are as follows:

> **Subject-Matter Jurisdiction, Personal Jurisdiction, and Venue are proper in this Court.**

1.4 Identify any unresolved issues as to service of process, personal jurisdiction,

subject matter jurisdiction, or venue:

**None.**

1.5 Identify any named parties that have not yet been served: **None at this time.**

1.6 Identify any additional parties that:

plaintiff(s) intends to join: **None at this time.**

defendant(s) intends to join: **None at this time.**

1.7 Identify any additional claims that:

plaintiff(s) intends to add: **None at this time.**

defendant(s) intends to add: **None at this time.**

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by

Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by name and title/position each person whose identity has been disclosed.

    Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| **Stephanie Schoefield** | **Shift supervisor** |
| **Yvonne Bruzza** | **Shift supervisor** |
| **Susan Drozda** | **Shift supervisor** |
| **Brittany Shibak** | **NHA (Administrator)** |
| **Andy Wolak** | **CEO** |
| **Jennifer Moses** | **Psych Nurse** |
| **Erica Bogart** | **Human Resources** |
| **John Sabach** | **Plaintiff's Husband** |
| **Matthew Silveri** | **Health Care Surveyor, Department of Health: Division of Nursing Care Facilities** |
| **Ian Gilmartin** | **Investigator PA Department of State: Bureau of Enforcement and Investigation** |

Disclosed by Defendant:

Name Title/Position

**Plaintiff Julie Sabach**
**Any and all individuals named in Plaintiff's Complaint**
**Any expert witnesses when identified**
**Any witnesses identified by Plaintiff**
**Defendant reserves the right to supplement this list.**

**3.0    Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

Nature of Motion   Moving Party        Anticipated Filing Date

**Defendants intend to file a motion for summary judgment under FRCP 56 after the close of discovery.**

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

>By plaintiff(s): **Plaintiff served her discovery requests on Defendants on September 29, 2025.**

>By defendant(s): **Defendants intend to serve its discovery requests on Plaintiff no later than October 10, 2025.**

4.2    Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**Plaintiff has propounded discovery requests on Defendants on September 29, 2025. Defendants intends to propound its discovery requests on Plaintiff no later than October 10, 2025. These requests will include requests for Defendants' policies, *inter alia*, on EEO, scheduling, attendance, discipline, and termination; Plaintiff's**

> **personnel file; documents related to Plaintiff's medical leave; the decision to end Plaintiff's employment; and any complaints related to discrimination or whistleblowing activity.**
>
> **Defendants will depose Plaintiff.**
>
> **Defendants will seek appropriate discovery regarding communications on Plaintiff's personal devices, email and other messaging accounts and social media platforms.**
>
> **Defendants will seek appropriate discovery regarding Plaintiff's claims for compensatory damages.**
>
> **Defendants will seek appropriate discovery relative to Plaintiff's mitigation efforts.**

4.3  Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

> **None at the present time. To the extent discovery disputes arise, the Parties will handle such disputes in accordance with the Court's designated procedures.**

4.4  Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

> **None of which the Parties are presently aware.**

4.5  For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): defendant(s): **10**

4.5.2 interrogatories to be served by:

plaintiff(s): defendant(s): **10**

4.5.3 document production requests to be served by:

plaintiff(s): defendant(s): **50**

4.5.4 requests for admission to be served by:

plaintiff(s): defendant(s): **30**

4.6 Discovery of Electronically Stored Information

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**Plaintiff will provide narrowed searches for ESI. However, the Parties don't believe there will be much ESI discovery.**

## 5.0 Protective Order

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**None at the present time. However, if required, the parties will submit such an Order.**

## 6.0 Scheduling

6.1 Final date for joining additional parties:

Plaintiff(s): **October 29, 2026**

Defendants(s): **October 29, 2025**

6.2 Final date for amending pleadings:

        Plaintiff(s): **November 10, 2025**

        Defendants(s): **November 24, 2025**

6.3 All fact discovery commenced in time to be completed by: **March 10, 2026**

6.4 All potentially dispositive motions should be filed by: **May 11, 2026**

6.5 Reports from retained experts due:

from plaintiff(s) by **February 13, 2026**

from defendant(s) by **March 16, 2026**

6.6 Supplementations due **March 30, 2026**

6.7 All expert discovery commenced in time to be completed by: **April 9, 2026**

6.8 This case may be appropriate for trial in approximately:

    240 Days from the filing of the action in this court

    365 Days from the filing of the action in this court

    **450 Days from the filing of the action in this Court.**

6.9 Suggested Date for the final Pretrial Conference:

**December 2026** (month/year)

6.10 Trial

6.10.1 Suggested Date for Trial:

**January 2026** (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**Name: Julie Sabach**

**Title: Plaintiff**

**Address: c/o Karpf, Karpf & Cerutti, P.C.**

**(215) 639-0801 - Daytime Telephone**


**Name: Andy Wolak/Brenda Tyer**

**Title: Chief Executive Officer/Insurance Adjuster**

**Address c/o Jackson Lewis P.C. 1601 Cherry Street, Ste. 1350, Philadelphia, PA 19102**

**(267) 319-7826 - Daytime Telephone**


**8.0     Alternative Dispute Resolution ("ADR")**

**The Parties don't think they will require ADR in this matter.**

    8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure

        Date ADR to be commenced

        Date ADR to be completed

    8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:


    8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: Y **N.**

**The Parties do not consent to jurisdiction by a Magistrate Judge.**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        Scranton/Wilkes-Barre

        Harrisburg

        Williamsport

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None at this time.**

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:  9/11/2025   __*/s/ Christine Burke*_____

Christine Burke Esq.
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive, Ste. 210
Feasterville-Trevose, PA 19053
cburke@karpf-law.com
*Attorney(s) for Plaintiff(s)*

**x**     **ECF User(s)**

G     Waiver requested (as separate document)

G     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 9/11/2025     _/s/ Renee N. Smith & Preeya Bansal_____

Renee N. Smith, Esq.
Preeya Bansal, Esq.
Jackson Lewis P.C.
1601 Cherry Street, Ste. 1350
Philadelphia, PA 19102
Renee.Smith@jacksonlewis.com
Preeya.Bansal@jacksonlewis.com
*Attorneys(s) for Defendant(s)*

**x**     **ECF User(s)**

G     Waiver requested (as separate document)

G     Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

4937-8287-1151, v. 2