KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
Tel: (215) 639-0801
Fax: (215) 639-4970
cburke@karpf-law.com

December 9, 2025

**VIA CM/ECF ONLY**

The Honorable Daryl F. Bloom
Chief United States Magistrate Judge
United States District Court Middle District of Pennsylvania

**Re:** ***Sabach v. Nanticoke Rehabilitation and Healthcare LLC, et al.***
**Case No. 3:25-cv-883**

Dear Judge Bloom:

I represent Julie Sabach ("Plaintiff") in the above-referenced matter. Plaintiff previously pursued Court intervention to obtain responses to her initial discovery demands -- to no avail. Defendants filed a letter on the docket representing to this Court that responses would be made "no later than Friday, December 5, 2025." Dkt. No.: 23. That date has come and gone, and as of the date of this correspondence, Defendants have not provided any responses to written discovery. Plaintiff reached out via email, again seeking compliance, and has not gotten a response.

Plaintiff properly served discovery on September 29, 2025. Defendants have failed to provide any reason why over two (2) months is not sufficient time to respond. In fact, Defendants provide no reason for their dilatory actions. The mere fact discovery ends in March has nothing to do with their obligations under the Rules. Plaintiff is permitted to timely size up deficiencies, follow up with any supplemental demands, and engage in any necessary 3rd party discovery spawning from information contained in their production.

According to Rule 33, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." It is well-settled that courts deem untimely objections as waived. *Swain v. Encore Med. Corp.*, No. 03:04-174, 2006 U.S. Dist. LEXIS 76002, at *5 (W.D. Pa. Oct. 19, 2006).[1] Thus, Plaintiff seeks a ruling that Defendants have waived any objections, absent the assertion of any claim of privilege.

---

[1] A Party "waived any objections to the discovery requests inasmuch as this Court has ruled that failure to assert timely objections result in the waiver of all objections to interrogatories or requests for documents." Bhatla v. Resort Dev. Corp., Civil Action No. 86-7099, 1987 U.S. Dist. LEXIS 7727, at *7-8 (E.D. Pa. Aug. 19, 1987)(collecting cases *Davis v. Romney*, 53 F.R.D. 247 (E.D. Pa. 1971); *Shenker v. Sportelli*, 83 F.R.D. 365 (E.D. Pa. 1979); *Renshaw v. Ravert*, 82 F.R.D. 361 (E.D. Pa. 1979)). After a party serves interrogatories or document demands, "[t]he responding party must serve its answers and any objections within 30 days after being served." Fed. R. Civ. P. 33(b)(2). SeeFed. R. Bankr. P. 7033 (making Federal Rule of Civil Procedure 33 applicable in adversary proceedings). "A failure [*8] to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown." Byrd v. Reno, No. Civ. A. 96-2375, 1998 U.S. Dist. LEXIS 11855, 1998 WL 429676, at *4 (D.D.C. Feb. 12,

Plaintiff also seeks a ruling compelling discovery or risking the imposition of sanctions by this Court.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/ *Christine E. Burke*
Christine E. Burke, Esq.

cc: Renee N. Smith, Esq. (via ECF)
Preeya Bansal, Esq. (via ECF)

---

1998); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 653 (D. Md. 1997) ("Fed. R. Civ. P. 33(b)(4) provides that any ground for objecting to an interrogatory . . . is waived if not timely stated (i.e. within 30 days of service), unless the failure to object is excused by the court for good cause shown."). "Federal Rule of Civil Procedure 34, pertaining to requests for production of documents, does not contain a similar automatic-waiver provision as a consequence of failing to file a timely objection, but there is no reason to give it a dissimilar interpretation." Byrd, 1998 U.S. Dist. LEXIS 11855, 1998 WL 429676, at *4 (citing Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co., 109 F.R.D. 12 (D. Neb. 1983); Milano v. Raymark Indus., Inc., Civ. A. No. 85-7124, 1986 U.S. Dist. LEXIS 17571, 1986 WL 13298 (E.D. Pa. Nov. 18, 1986)). SeeFed. R. Bankr. P. 7034 (making Federal Rule of Civil Procedure 34 applicable in adversary proceedings).