# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE SABACH | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | CASE NO.: 25-883 |
| v. | : | |
| | : | |
| NANTICOKE REHABILITATION AND HEALTHCARE LLC, d/b/a LAKEWOOD REHABILITATION & HEALTHCARE CENTER | : | |
| And | : | |
| CENTURY HEALTHCARE CONSULTING | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Nanticoke Rehabilitation and Healthcare LLC d/b/a Lakewood Rehabilitation & Healthcare Center and Century Healthcare Consulting, by and through their undersigned counsel, hereby respond to Plaintiff's First Set of Interrogatories to Defendants (the "Interrogatories"), as follows:

**GENERAL COMMENTS AND QUALIFICATIONS**

Defendants have endeavored, at this stage of this litigation, to answer Plaintiff's interrogatories on the basis of the best data now available. Persons who are non-parties and who are not now employees of Defendants may have information relevant to the subject matter of Plaintiff's interrogatories, but Defendants are not purporting to provide in these answers, material, if any, presently possessed by such persons.

The answers set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground, to the use of any answers herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action.

2. The right to object on any and all proper grounds, at any time, to other requests or other discovery procedures involving or relating to the subject matter of the interrogatories answered herein; and

3. The right at any time to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of Defendants answers are made subject to the above comments and qualifications.

## INTERROGATORIES

**INTERROGATORY NO. 1: [RELEVANT INDIVIDUALS]**

Identify (name, address and telephone) all persons with knowledge of the facts which tend to support or refute any claim or defense asserted in this case, describing the facts or knowledge of any person identified in this interrogatory with particularity, and indicate if any of the identified individuals are represented by counsel.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad. Defendants further object to this Interrogatory on the grounds that is it premature, as discovery is continuing. Defendants further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.**

**RESPONSE: Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their initial disclosures, served on November 3, 2025 pursuant to Federal Rule of Civil Procedure 26, for information responsive to this Interrogatory.**

**INTERROGATORY NO. 2: [PLAINTIFF(S) BACKGROUND WITH DEFENDANT(S)]**

Identify each and every position or title Plaintiff(s) held with Defendant(s), including the dates Plaintiff(s) held each such position, a description of the job duties he performed in each position, and the names of each supervisor/manager who supervised Plaintiff(s) in each such position.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff was hired by Defendants on or about December 12, 2016 as a Licensed Practical Nurse (LPN), and worked in this capacity until her separation from employment in April 2025. During her**

**employment, Plaintiff was supervised by Melisa Sweetz, NHA; Donna Connery, NHA; Brittany Shibak, NHA, Noelle Glazinksi, DON, Mary Fabyanski, DON; Paula Munley, DON; Nicole Del-Mese; DON, Stacey Wright, ADON; Amy Kase, ADON; June Horinko-Wunderlich, ADON, and Melisa Seferyn, ADON. By way of further response, see LPN job description, labeled with control numbers DEF00222 – DEF00225.**

**INTERROGATORY NO. 3: [EMPLOYMENT SEPARATION DECISION MAKER(S)]**

Identify the circumstances surrounding the decision to terminate/separate Plaintiff(s) from Plaintiff(s) employment, including the names of each and every individual who in any way participated in the decision to end or terminate Plaintiff(s) employment, a brief description of their participation, and the exact date the decision(s) was made and communicated to Plaintiff(s).

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad.**

**RESPONSE: Subject to and without waiving the foregoing objection, Plaintiff's employment was terminated on or about April 23, 2025 for a legitimate, nondiscriminatory and nonretaliatory reason – namely, as a mandated reporter, Plaintiff failed to report an allegation of abuse that occurred on February 22, 2025, pursuant to the Elder Justice Act. At no time did Defendants interfere with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), nor did Defendants retaliate against Plaintiff or otherwise violate federal, state, or local law. By way of further answer, see documents produced in response to Plaintiff’s First Set of Document Requests to Defendant for information related to Plaintiff’s employment with Defendant and Plaintiff’s separation from employment. Defendants' Human Resources Director, Erica Bogart, and Defendants' Nursing Home Administrator, Brittany Shibak, made the decision to terminate Plaintiff's employment.**

**<u>INTERROGATORY NO. 4:</u> [TERMINATION]**

Identify each and every reason Defendant(s) contends Plaintiff(s) was terminated and/or separated from Plaintiff(s) employment with Defendant(s), including a description and date of each act/omission which contributed to the decision to terminate/separate, as well as the identity of who was involved with each such act/omission.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory as duplicative of Interrogatory No. 3, above.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see Defendants response to Interrogatory No. 3, above. By way of further answer, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants for information related to Plaintiff's employment with Defendants and Plaintiff's separation from employment.**

**<u>INTERROGATORY NO. 5:</u> [PLAINTIFF(S) COMPENSATION]**

Identify any and all compensation Plaintiff(s) was receiving at the time of Plaintiff(s) termination/separation, including pay rate information, salary, medical benefits, vision benefits, dental benefits, commissions, 401K contributions, pension benefits or other retirement compensation, and any other bonuses or financial awards Plaintiff(s) was or would have been eligible to receive during Plaintiff(s) employment.

**<u>OBJECTION</u>: Defendant objects to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objection, at the time of Plaintiff's separation from employment on April 23, 2025, she earned $26.60/hour. By way of further response, see documents labeled with control numbers DEF00004 – DEF00053 and DEF00185 – DEF00208 for responsive information.**

**<u>INTERROGATORY NO. 6:</u> [PLAINTIFF(S) DISCIPLINARY HISTORY]**

Identify any and all disciplinary action issued to Plaintiff(s) during Plaintiff(s) employment (written or verbal, formal or informal), including the dates and nature of the discipline (verbal,

written, suspension, etc.), the reason(s) for the discipline, and the individuals involved in any way with the issuance of the discipline.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00054 – DEF00126 and DEF00160 – DEF00184, for responsive information.**

**INTERROGATORY NO. 7: [PERSONS COMMUNICATING WITH ANY OUTSIDE AGENCIES FOR ANY ANONYMOUS OR OTHER EXTERNAL COMPLAINTS]**

From January 1, 2025 through Plaintiff's separation, please identify each person who served as a point of contact for any external agency (be it local police, the Department of Health, or the Attorneys General's office), as to any complaints regarding patient care, neglect or mistreatment.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad as to time and scope. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to either party's claim or defense.**

**RESPONSE: Subject to and without waiving the foregoing objections, Human Resources Director, Erica Bogart; Paula Munley, RN/DON; Amy Bannon, RN/DON; Nicole Del-Mese, RN/DON; and, Brittany Shibak, Nursing Home Administrator.**

**INTERROGATORY NO. 8: [ANONYMOUS OR KNOWN EXTERNAL COMPLAINTS]**

From January 1, 2025 through Plaintiff's separation, please identify each how many complaints Defendants were made aware of being filed with any local, state or federal agencies.

Unless the answer is anything other than an affirmative "no," we had no knowledge of any complaints, anonymous or otherwise, please identify:

a.) when Defendants were made aware a complaint to an external agency was made;

b.) who within Defendants first received notice of a complaint;

c.) the identify of the external agency and any investigator to whom the complaint was assigned;

d.) whether anyone within Defendants was interviewed as part of any investigation;

e.) whether any emails or documents were shared with that agency (and an itemization thereof); and

f.) an explanation of any results of the complaint/the investigation.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope, is not proportional to the needs of the case, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory on the grounds that it seeks private, personal, and confidential information about employees and/or patient residents who are not a party to this case.**

**<u>INTERROGATORY NO. 9:</u> [CONCERNS]**

As to any concerns, complaints, objections or grievances by Plaintiff(s) to any supervisor, manager or human resources employee about or concerning any matter in the workplace from November 1, 2024 through her separation, please describe whether they were written or oral, please identify the nature of such concerns/complaints/objections, the dates of each discussion related to same, the names of each and every individual involved with same, and the outcome of the same.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is unduly burdensome, overly broad as to time and scope, seeks information that is not relevant to either party's claims or defenses, and is not proportional to the needs of the case. Defendants further object to this Interrogatory on the grounds that the phrase "concerns, complaints, objections or grievances" is vague, ambiguous, undefined, and subject to**

**multiple interpretations. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, Plaintiff did not raise any "concerns, complaints, objections or grievances" to any supervisor, manager or human resources employee between from November 1, 2024 and her separation from employment in April 2025.**

**<u>INTERROGATORY NO. 10:</u> [DIRECT MANAGEMENT INFORMATION]**

If Defendant(s) management or human resources personnel ever received any formal, informal, or legal complaints by any current or former employees (directly or indirectly) about or the same facility where Plaintiff worked, concerns any allegations of abuse or neglect, please provide: (a) the name of the complaining current or former employee; (b) the nature or summary of the complaint(s); (c) the date(s) of the complaint(s); and (d) the outcome of the complaint(s) (i.e. what action, if any, was taken as to the management employee complained about).

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad as to time and scope, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory on the grounds that it seeks private, personal, and confidential information about current or former employees and/or patient residents who are not a party to this case.**

**<u>INTERROGATORY NO. 11:</u> [FMLA INFORMATION]**

As to matters pertaining specifically to Plaintiff(s) FMLA claim(s), please identify:

A. Whether any supervisor or manager of Plaintiff(s) was aware of any: (1) health conditions, medical afflictions, medical illnesses, medical restrictions or disabilities of Plaintiff's husband. If so, identify each supervisor or manager's name, a summary of his or her knowledge, and how he or she came to know such information;

B. Whether any human resources ("HR") personnel of Defendant(s) was aware of any: (1) health conditions, medical afflictions, medical illnesses, medical restrictions or disabilities of Plaintiff's husband. If so, identify each HR employee's name, a summary of his or her knowledge, and how he or she came to know such information;

C. Whether Plaintiff(s) ever inquired, referenced, sought, or requested any form of medical leave from Defendant(s), including but not limited to leave reduced, intermittent or block medical leave under the Family and Medical Leave Act ("FMLA"), and if so, identify the dates of Plaintiff's inquiries or requests, to whom Plaintiff communicated, and the outcome of each and every request (i.e. the dates Plaintiff(s) was granted leave or if the request was denied);

D. Whether Plaintiff ever expressed any concerns or complaints to any supervisor, manager or human resources personnel about or concerning health-related mistreatment, discrimination, retaliation or anything about or concerning a requested, denied, delayed or already utilized medical leave of absence (under the FMLA or otherwise); and if so, identify: (1) the nature of or a summary of Plaintiff(s) concerns or complaints; (2) who participated in the communication(s) with Plaintiff(s); (3) the date(s) of such communication(s); and (4) the outcome of such concerns or complaints expressed by Plaintiff(s).

E. Whether Defendant(s) ever offered Plaintiff(s) a medical leave or form FMLA leave (including reduced, intermittent or block), and if so, identify the dates of the offer(s), who communicated same to Plaintiff(s), and the outcome of each and every offer (i.e. whether Plaintiff returned leave documentation, took medical leave, etc...);

F. Whether Defendant(s) contends written materials were available for Plaintiff(s) review of Plaintiff(s) FMLA rights or obligations, and if so, identify the exact documentation Defendant(s) contends was available to Plaintiff;

G. The exact dates for each and every day Plaintiff(s) was considered to have taken a day off from work during Plaintiff(s) last 2 years of employment with Defendant(s) for a health condition, due to medical restrictions, for a work injury, for a disability or due to an asserted FMLA purpose; and

H. Identify the names of each and every individual who, with the last 5 years, has made any complaints, formally or informally, verbally or in writing, to a manager, human resources employee or in an agency or in a court, about or concerning discrimination, interference or retaliation for use of FMLA or medical leave within Defendant(s).

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, overly broad as to time and scope, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00131 through DEF00159, for responsive information.**

**<u>INTERROGATORY NO. 12:</u> [FMLA DESIGNATION(S)]**

Please identify each date Plaintiff was approved for FMLA leave, and if Defendant contends that Plaintiff exhausted Plaintiff's FMLA leave entitlement(s), please identify the date Defendant(s) contend those benefits were exhausted.

Conversely, if Defendant(s) contend Plaintiff was denied any request for FMLA, please state the date(s) of denial and the bases therefore.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00131 through DEF00159, for responsive information.**

**<u>INTERROGATORY NO. 13:</u> [NON-ATTORNEY PROVIDERS OF INFORMATION]**

Identify each and every person who answered and/or assisted in answering these Interrogatories from Defendant(s) (excluding counsel).

**<u>OBJECTIONS</u>: Defendants object to this Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of an attorney in this or any other litigation, or that is protected from disclosure by any other privilege or immunity.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, the undersigned counsel drafted these responses, and the Interrogatory responses will include a verification confirming the individual's name who assisted counsel.**

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal, Esquire (PA Id. No. 319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*

Date: December 9, 2025

**VERIFICATION**

I, Brittany Shibak, hereby certify that that I am the Nursing Home Administrator ("NHA") at Lakewood Rehabilitation and Healthcare Center and that I familiar with the facts set forth herein. I have reviewed the facts and information set forth in the foregoing responses to Plaintiff's First Set of Interrogatories to Defendants, and verify that they are true and accurate to the best of my knowledge, information, and belief.

Brittany Shibak NHA

Brittany Shibak, NHA

Dated: 12/09/25

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December 2025, I caused a true and correct copy of the foregoing Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories to be served upon the following counsel of record via electronic mail:

Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
8 Interplex Drive, Ste. 201
Feasterville-Trevose, PA 19053
cburke@karpf-law.com

*Attorneys for Plaintiff*

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal, Esquire (PA Id. No. 319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE SABACH<br><br>Plaintiff,<br>v.<br><br>NANTICOKE REHABILITATION AND HEALTHCARE LLC, d/b/a LAKEWOOD REHABILITATION & HEALTHCARE CENTER<br><br>And<br><br>CENTURY HEALTHCARE CONSULTING<br><br>Defendants. | : | CIVIL ACTION<br><br>CASE NO.: 25-883 |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Nanticoke Rehabilitation and Healthcare LLC d/b/a Lakewood Rehabilitation & Healthcare Center and Century Healthcare Consulting, by and through their undersigned counsel, hereby respond to Plaintiff's First Request for Production of Documents to Defendants as follows:

**GENERAL COMMENTS AND QUALIFICATIONS**

Defendants have endeavored to respond to the Requests on the basis of the best data available at this stage of this litigation. Non-parties and individuals who are not presently employed by Defendants may have information relevant to the subject matter of Plaintiff's Requests, but Defendants are not purporting to provide any documents or information that may be possessed by such persons in these responses.

The responses set forth herein are made without waiving the following:

1. The following responses are based on information currently available to Defendants. These responses are given without prejudice to Defendants' right to produce or rely on subsequently discovered information.

2. Defendants object to the Document Requests to the extent they seek the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine.

3. Defendants object to the Document Requests to the extent that they would require it to produce documents that would require Defendants to violate the privacy of others.

4. Defendants object to the Document Requests to the extent that the individual request for the production of documents contained therein are vague, ambiguous, overly broad, and/or would require an unduly burdensome search for documents or material that are not relevant to any party's defense and are not proportional to the needs of the case.

5. Defendants object to the Document Requests to the extent that they may be construed to require Defendants to produce documents which are already within Plaintiff's possession, custody, or control. Defendants object to the Document Requests to the extent that they seek to impose obligations on the Defendants which are greater than those imposed by the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1 - POLICY INFORMATION:**

Please produce any and all documents which support, evidence, relate, or otherwise pertain to any and all personnel policies or procedures of Defendant which were either provided to Plaintiff during her employment, or those policies she was subject to and were otherwise made available to her (even if in electronic format only), including:

a) Employee discipline procedures and policies (progressive or otherwise), including but not limited to, counseling, written warnings, suspension, demotion, and termination policies;

b) Anti-discrimination policies;

c) Internal complaint or grievance procedures, Equal Employment Opportunity (EEO) policies and Harassment policies;

d) Any employee handbook or policy guides in place during Plaintiff(s) employment;

e) Policies and practices concerning compensation of employees; and

f) Any and all policies that in any way bear on or illustrate company expectations, confidentiality or rules regarding workplace attendance, misconduct or other workplace guidelines.

**<u>OBJECTION</u>: Defendants object to this Request on the grounds it is unduly burdensome, overly broad as to time and scope, is not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see Defendants' personnel policies, labeled with control numbers DEF00004 – DEF00053.**

**<u>DOCUMENT REQUEST NO. 2 - COMPENSATION INFORMATION:</u>**

Please produce any and all compensation-related documents relating to the employment of Plaintiff(s), including but not limited to documents evidencing, discussing, or related to any of the following:

a) any and all pay information for Plaintiff(s) for Plaintiff(s) entire period of employment with Defendant(s), including all payroll records;

b) any reduction(s) or increase(s) in Plaintiff(s) pay or benefits;

c) any changes in Plaintiff(s) compensation structure, terms and conditions of employment or other internal forms showing adjustments to Plaintiff(s) employment status for any reason or purpose;

d) Any documents showing a pension plan, 401K plan, investment plan, or other benefits available to Plaintiff(s) within Defendant(s); and

e) Every internal company document showing any pay increases for Plaintiff(s) along with the rationale for same and any changes to Plaintiff(s) position or job duties.

**OBJECTION: Defendants object to this Request on the grounds that the phrase "compensation-related documents relating to the employment of Plaintiff" is vague, ambiguous, and not clearly defined. Defendants further object to this Request on the grounds that it is unduly burdensome, overly broad as to time and scope, is not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see Defendants' personnel policies, labeled with control numbers DEF00004 – DEF00053 and DEF00185 – DEF00208.**

**DOCUMENT REQUEST NO. 3 - INVESTIGATORY INFORMATION:**

Please produce any and all documents within the control or possession of Defendant(s) or any of its agents relating to Plaintiff(s) concerning any review, investigation or research of Plaintiff(s) including but not limited to:

a) Written statements, memorializations, certifications or affidavits of witnesses, third parties, employees or former employees;

b) Notes of interviews with witnesses, employees, former employees or third parties by any HR employee, supervisor or agent of Defendant(s);

c) Audio recordings with any witnesses, employees, former employees or third parties by any HR employee, supervisor or agent of Defendant(s);

d) Transcriptions of any audio recordings of any and all oral statements and/or interviews of witnesses, employees, former employees or third parties by any HR employee, supervisor or agency of Defendant(s);

e) Reports regarding the results of any and all review(s) or investigation(s) of Plaintiff by anyone;

f) Written reports or correspondence and any audio or video related to surveillance of Plaintiff by any private investigator or other person during or following Plaintiff(s) period of employment with Defendant(s);

g) Copies of any and all reports run on Plaintiff(s) from the inception of his application process with Defendant(s) through the present day including but not limited to any and all background checks, criminal history reviews, motor vehicle searches, lawsuit histories, credit background checks, and any other report run by Defendant(s) or its agents about or concerning Plaintiff(s); and

h) Correspondence via e-mail, mail, or otherwise within Defendant(s) or between Defendant(s) and a third party or former employee about or concerning Plaintiff(s).

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad as to time and scope, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine. Defendants further object to this Request on the grounds that the phrase "documents…relating to Plaintiff's concerning any review, investigation or research of Plaintiff" is vague, ambiguous, and subject to multiple interpretations. Defendants further object to this Request on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00004 – DEF00130; DEF00160 – DEF00171; DEF00174 – DEF00184 for responsive information.**

**DOCUMENT REQUEST NO. 4 - AGENCY DOCUMENTATION:**

If Defendant(s) participated in any agency proceedings about or concerning Plaintiff(s) including but not limited to proceedings before the Equal Employment Opportunity Commission

("EEOC"), or any other state or federal agency including but not limited to unemployment benefits, please provide:

a) Every letter, questionnaire, notice, or correspondence (e-mail or otherwise) sent to or received from the agency about or concerning Plaintiff(s);

b) Every complaint, position statement, legal argument or brief, and document evidencing a factual or legal position taken by either Plaintiff(s) or Defendant(s) during such proceeding(s);

c) Any audio, video or transcription available or possessed from such proceedings; and

d) Every document showing any findings, results, reports, recommendations, holdings or opinions as a result of such proceeding(s).

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad as to time and scope and is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine. Defendants further object to this Request to the extent it seeks documents within Plaintiff's possession or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00209 – DEF00216.**

**DOCUMENT REQUEST NO. 5 - PERSONNEL FILE DOCUMENTATION:**

Please produce the complete personnel file of Plaintiff(s), including but not limited to, any documents, records, letters, memoranda, notes, or computer printouts which were part of Plaintiff(s) personnel file at any time but were removed for any reason.

*NOTE: If more than one separate file is maintained on Plaintiff(s), or if files are maintained in more than one location (such as at a branch office and a company headquarters building or other similar facility), this Request is to be interpreted to encompass all such files, and your answer thereto should indicate the fact that more than one file exists, identifying each file by its name or internal designation as well as its original location.*

**RESPONSE: See documents labeled with control numbers DEF00004 – DEF00130 and DEF00160 – DEF00184.**

**DOCUMENT REQUEST NO. 6 - ADDITIONAL PERSONNEL INFORMATION:**

Please produce any and all documents not included in Plaintiff(s) personnel file(s) which support, evidence, relate, or otherwise pertain to Plaintiff(s) employment with Defendant(s), including, but not limited to:

a) Documents relating to or reflecting job performance, including but not limited to, all e-mails, notes, memoranda, memorializations or other documents that in any way relate to Plaintiff(s) performance (good or bad), accolades, accomplishments, reviews, evaluations, performance concerns, performance deadlines, quotas, status of quotas being met, and any other information pertaining to Plaintiff(s) work performance during Plaintiff(s) period of employment with Defendant(s);

b) Documents relating to any leave requests, vacation usage, attendance logs or calendars, PTO usage, time off requests, and medical leave or other accommodation requests through Plaintiff(s) period of employment; and

c) All documents reflecting any admonishment, discipline, coaching, counseling or other warnings to Plaintiff(s) via e-mail, letter or other documentation.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad as to time and scope, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents, labeled with control numbers DEF00004 – DEF00209, for responsive information.**

**DOCUMENT REQUEST NO. 7 - ACKNOWLEDGEMENTS OR AGREEMENTS:**

If Defendant contends Plaintiff(s) was governed by or signed any of the following documentation at any point from interview, hiring and through the present day, please provide full and complete copies of:

a) Any employee handbook or employee policy / procedural acknowledgement or receipt forms;

b) Any employment agreements;

c) Any separation or severance agreements;

d) Any restrictions on competing, solicitation or other employment or post-employment limitations; and

e) Any arbitration policies, litigation restrictions, or other documentation pertaining to Plaintiff(s) ability to litigate about or concerning matters arising out of his employment relationship with Defendant(s).

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad as to time and scope, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00004 – DEF00053, for responsive information.**

**DOCUMENT REQUEST NO. 8 - TERMINATION DOCUMENTATION:**

If Defendant(s) is contending Plaintiff(s) was terminated in part or whole for misconduct, or performance-related reasons, please provide the following:

a) Every document in the possession or control of Defendant(s) or a third-party agent of Defendant(s) evidencing, illustrating, or supporting the bases for Plaintiff(s) termination from employment;

b) Every document Defendant(s) or any of its supervisors, managers or personnel considered, relied upon, or reviewed in evaluating and/or deciding to terminate Plaintiff(s) employment from Defendant(s);

c) Every document Defendant(s) received from a third-party company or individual expressing concerns or complaints about Plaintiff(s) (if any);

d) Every document that in any way shows a policy, rule or expectation that Plaintiff(s) is alleged to have violated or not complied within during Plaintiff(s) employment with Defendant(s); and

e) Every communication to or from any employee, supervisor or human resources personnel about or concerning Plaintiff(s) performance, insubordination or misconduct within the workplace during Plaintiff(s) period of employment with Defendant(s).

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of the case. Defendants**

**further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or the attorney work product doctrine.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00054 – DEF00126 and DEF00160 – DEF00184, for responsive information.**

**DOCUMENT REQUEST NO. 9 - SEPARATION COMMUNICATIONS:**

As to the reasons for Plaintiff(s) separation from employment, provide every e-mail, internal chat message (be it skype, jabber, or teams), note, memoranda or other document that in any way reflects or shows *all discussions about or concerning Plaintiff(s) separation from employment*, the decision-making process, and correspondence to or from Plaintiff(s) about the circumstances leading up to Plaintiff(s) termination from employment.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client or other privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent it seeks documents in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00054 – DEF00126 and DEF00160 – DEF00184, for responsive information.**

**DOCUMENT REQUEST NO. 10 - JOB DESCRIPTIONS OF PLAINTIFF:**

Please provide copies of every job description that Defendant(s) contend Plaintiff(s) was governed by or which Plaintiff(s) was provided any time during Plaintiff(s) employment with Defendant(s).

**<u>OBJECTION</u>: Defendants object to this Request on the grounds that it is overly broad as to time and scope and seeks information that is not relevant to any party's claims or defenses.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see LPN job description, labeled with control numbers DEF00222 – DEF00225.**

**<u>DOCUMENT REQUEST NO. 11 – DISCIPLINE FOR ANY INSTANCES OF PATIENT NEGLECT, ABUSE, IMPROPER CARE OR FAILURE TO REPORT:</u>**

Plaintiff is entitled to comparator evidence to demonstrate Plaintiff(s) was treated disparately with respect to the rationale for Plaintiff(s) discipline and/or termination. Provide documents showing every other person who was admonished (formally or informally, i.e., via email or otherwise), coached, counseled, disciplined, placed on probation or given some form of improvement plan for any type of patient abuse, neglect, failure to report an incident occurring with a patient, or any type of clinical errors that may subject a patient to harm, within the last 5 years (regardless of whether the comparator employee was or was not terminated from Defendant(s)).

**<u>OBJECTION</u>: Defendants object to this Request on the grounds that it is overly broad as to time and scope, unduly burdensome, is not proportional to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about Defendants' current or former employees and/or patient residents who are not a party to this case.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents responsive to this Request, labeled with control numbers DEF00217 – DEF00221.**

**<u>DOCUMENT REQUEST NO. 12 - PLAINTIFF CONCERNS / COMPLAINTS:</u>**

From January 1, 2025 through Plaintiff's separation, please produce every note, e-mail, memo or other document that in any reflects, references, illustrates or evidences:

a) Any concern or complaint ever expressed verbally or in writing by Plaintiff(s) to any employee or former employee of Defendant(s);

b) Any investigation or review that was undertaken by an employee of Defendant(s) about Plaintiff(s) concern(s) or complaint(s);

c) Any documentation prepared or created, including but not limited to witness statements, about, concerning or related to Plaintiff(s) concern(s) or complaint(s);

d) Any documents reflecting the outcome of such investigation or review of Plaintiff(s) concern(s) or complaint(s); and

e) Copies of any and all warnings, training or re-training requirements, discipline or notices given to any individual as a result of Plaintiff(s) concern(s) or complaint(s).

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about an employee who is not a party to this case.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00054 – DEF00126 and DEF00160 – DEF00184, for responsive information.**

**DOCUMENT REQUEST NO. 13 - COMPARATOR COMPLAINTS:**

Please provide documents showing whether any other current or former employees of Defendants ever filed any complaint with the Department of Health, the Attorney General, the State Board of Nursing, or the any local Police Departments regarding any concerns related to patient abuse or neglect at the same physical location where Plaintiff was working during her period of employment, and the outcome/investigation of any such complaints.

**OBJECTION: Defendants object to this Request on the grounds it is overly broad as to time and scope, is not proportional to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about current**

**or former employees who are not a party to this case. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or the attorney work product doctrine.**

**DOCUMENT REQUEST NO. 14 – 'ANONYMOUS' COMPLAINTS:**

For the statement within Defendants' Answer to the Complaint, contained at paragraph 66, including "the Department of Health, the Attorney General, the State Board of Nursing, and the Newport Township Police Departments investigated an anonymous complaint," please provide any documents that would memorialize, confirm or show that any one of these external agencies/authorities investigated any complaint referenced *herein*.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about an employee who is not a party to this case.**

**RESPONSE: Subject to and without waiving the foregoing objections, there is no Paragraph 66 in Defendants' Answer to Plaintiff's Complaint. As such, no response to this Request is required.**

**DOCUMENT REQUEST NO. 15 - FMLA INFORMATION:**

Please provide any and all documents that show, illustrate, evidence or reflect in any way:

a) Every day Plaintiff(s) missed in part or whole for Plaintiff's last 2 years of employment with Defendant(s));

b) Every note, e-mail, memo or other document that in any way reflects discussion(s), references, or requests about or concerning any time off from work by Plaintiff(s) in part or whole during Plaintiff(s) last 2 years of employment with Defendant(s));

c) Every document that Defendant(s) has access to or possesses in any relating to attendance of Plaintiff(s) during the last 2 years of Plaintiff's employment with Defendant(s)), including but not limited to: (1) attendance records; (2) punch-in and punch-out records (whether manual or electronic); (3) attendance calendars; (4)

payroll records; (5) security related swipe in and out records; and (6) any records reflecting notations or designations as to why Plaintiff was late, absent, or left early on any particular days during Plaintiff(s) employment;

d) Every document Defendant(s) possesses or has access to reflecting FMLA discussions with Plaintiff(s), FMLA discussions about Plaintiff(s), FMLA requests by Plaintiff(s), offers of FMLA to Plaintiff(s), and any documents about or concerning Plaintiff(s) referencing medical leave, medical absences or FMLA during Plaintiff(s) period of employment with Defendant(s);

e) Every note, memo, e-mail, recommendation, report or other document obtained from any source to review, obtain advice or investigate Plaintiff's husband's health condition(s) or medical request(s);

f) Every medical document or medical note provided by Plaintiff(s) to any employee or manager of Defendant(s) at any time during her period of employment with Defendant(s) related to her husband; and

g) Every communication (via e-mail, note, memo, document or otherwise) that in any way discusses, mentions or references Plaintiff's husband's health, medical condition(s) or time off requests by Plaintiff(s) for his illness or health reason.

**OBJECTION: Defendants object to this Request on the grounds that it is unduly burdensome, overly broad as to time and scope, and is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine. Defendants further object to this Request to the extent it seeks documents within Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00131 – DEF00159, for responsive information.**

**DOCUMENT REQUEST NO. 16:**

Please provide any and all documents within the same physical location Plaintiff worked evidencing any complaints, formally or informally, verbally or in writing, to a manager, human resources employee or in an agency or in a court, about or concerning discrimination, interference or retaliation for use of FMLA or medical leave within Defendant(s) over the last seven (7) years.

**OBJECTION: Defendants object to this Request on the grounds that it is unduly burdensome, overly broad as to time and scope, and is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about an employee who is not a party to this case.**

**RESPONSE: Subject to and without waiving the foregoing objections, Defendants have not received any complaints or lawsuits (except for this current matter) related to allegations of FMLA interference or FMLA retaliation from May 1, 2023, through the present date. As such, Defendants are not in possession of any documents responsive to this Request. By way of further response, Defendants purchased the former company in or around May 2023, and therefore lack personal knowledge of any lawsuits and/or complaints preceding that date.**

**DOCUMENT REQUEST NO. 17:**

Please provide any and all documents tending to reflect or demonstrate any survey results, site visits, interviews or inspections performed by the Department of Health, local police, or any other state or federal agencies between January 1, 2025 through Plaintiff's ultimate separation.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad as to time and scope, is not proportional to the needs of the case, and is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent that it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the as attorney work product doctrine. Defendants further object to this**

**Request on the grounds that it seeks private, personal, and confidential information about a current or former employee and/or patient resident who is not a party to this case.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00160 – DEF00184, for responsive information related to Plaintiff's claims.**

**<u>DOCUMENT REQUEST NO. 18:</u>**

Please provide any and all emails by Andrew Wolak, Brittany Shibak, or Erica Bogart, discussing any survey results, site visits, interviews or inspections performed by the Department of Health, local police, or any other state or federal agencies between January 1, 2025 through Plaintiff's ultimate separation.

**<u>OBJECTION</u>: Defendants object to this Request on the grounds that it is overly broad as to time and scope and is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents protected from discovery by the attorney-client or other privilege and/or by the attorney work product doctrine. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about current or former employees and/or patient residents who are not parties to this case.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents labeled with control numbers DEF00160 – DEF00184, for responsive information related to Plaintiff's claims.**

**<u>DOCUMENT REQUEST NO. 19 – ELECTRONICALLY STORED INFORMATION</u>:**

In addition to searching for responsive documentation as requested above, please also conduct a targeted ESI search utilizing the below parameters and produce both a hit report for each term as well as any documents returned as part of each search.

**Custodians**[1]

Stephanie Schoefield
Yvonne Bruzza
Susan Prozda
Brittany Shiback
Andy Wolak
Jennifer Moses
Erica Bogart

**Time Period**

November 1, 2024 through May 30, 2025

**Search Terms**

(Julie OR Sabach) AND terminat*

(Julie OR Sabach) AND fire

(Julie OR Sabach) AND FMLA

(Julie OR Sabach) AND medical leave

(Julie OR Sabach) AND husband

(Julie OR Sabach) AND COPD

(Julie OR Sabach) AND pulmonary

(Julie OR Sabach) AND appointment*

(Julie OR Sabach) AND radiation

(Julie OR Sabach) AND chemo

(Julie OR Sabach) AND cancer

(Julie OR Sabach) AND prostate

(Julie OR Sabach) AND attendance

(Julie OR Sabach) AND the State

(Julie OR Sabach) AND dept of health

(Julie OR Sabach) AND department of health

(Julie OR Sabach) AND DOH

(Julie OR Sabach) AND complaint

(Julie OR Sabach) AND retract or retraction

(Julie OR Sabach) AND investig!

(Julie OR Sabach) AND elder justice abuse

(Julie OR Sabach) AND survey

(Julie OR Sabach) AND report

(Julie OR Sabach) AND KP or Keith Perry (please run search with Julie or Sabach and initials, first and/or last name)

(Julie OR Sabach) AND police

(Julie OR Sabach) AND DD or David Doreskewicz (please run search with Julie or Sabach and initials, first and/or last name)

(Julie OR Sabach) AND assault

(Julie OR Sabach) AND abuse

(Julie OR Sabach) AND mandatory report*

From April 1, 2025 through Plaintiff's separation, please search for "Julie," and "Sabach" without modifiers.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about current or former employees and/or patient residents who are not parties to this case.**

**DOCUMENT REQUEST NO. 20: - COMPANY EMPLOYEE COUNT:**

A court or jury's willingness to award actual damages, punitive damages or liquidated damages is often impacted by the size of the employer (as are damage caps under certain laws). Please provide documents reflecting the following information:

a) All documents reflecting exactly how many employees worked for Defendant(s) during each of the last 3 calendar years on a part-time or full-time basis; and

b) Payroll documentation reflecting all employees employed within the last 3 years for Defendant(s)

*[If Defendant(s) has employed more than 500 employees for each of the last 3 calendar years, Defendant(s) need not provide any requested documents herein if Defendant(s) would prefer to provide a sworn affidavit to this effect in lieu of documentation from a high-level manager authorized to affirm such information (with details specifying such authorization)]*

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to any party's claims or defenses. Defendants further object to this Request on the grounds that it seeks private, personal, and confidential information about current or former employees who are not parties to this case. In the event Plaintiff is seeking these documents in connection with a claim for punitive damages, Defendants further object to this Request on the grounds that it is premature in that there has been no finding of liability, or a showing of eligibility for an award of punitive damages.**

**DOCUMENT REQUEST NO. 21: - COMPANY FINANCIAL NET WORTH:**

When a plaintiff(s) pursues punitive damages as part of his legal claim, Defendant(s) financial worth becomes immediately discoverable.

*[It is so well established that a plaintiff is entitled to pretrial discovery on a defendant(s) net worth and financial condition (which is a primary factor in a punitive-damage analysis) that if any objections herein are made, Plaintiff(s) will consider moving for sanctions against Defendant(s) and this statement herein serves to place Defendant on notice of same.[2]]*

Please produce any and all documents that reflect the following:

a) Any and all documents reflecting Defendant(s) revenue and profit for each of the last 3 years;

b) Any and all documents reflecting Defendant(s) net worth during each of the last 3 years; and

c) Any and all documents reflecting Defendant(s) debt to profit ratio(s) for each of the last 3 years.

*[If Defendant(s) would prefer not to produce documents reflecting the foregoing information, Plaintiff(s) will accept a sworn affidavit that clearly and sufficiently details the information sought in documents in this Document Request from a sufficiently high-level manager of Defendant(s) authorized to affirm such information (with details specifying such authorization). Please note that a vague or overly broad sworn affidavit will be insufficient to satisfy this Request.]*

**OBJECTION: Defendants object to this Request on the grounds that it seeks private, confidential financial and proprietary information belonging to Defendants. In the event Plaintiff is seeking these documents in connection with a claim for punitive damages, Defendants further object to this Request on the grounds that it is premature in that there has been no finding of liability or a showing of eligibility for an award of punitive damages.**

**DOCUMENT REQUEST NO. 22 - OTHER KNOWN AND AVAILABLE DISCOVERY:**

Please produce every document Defendant(s) possesses or has access to which: (a) supports any claim or defense in the instant case (whether helpful or harmful to claims or defenses in this case); (b) which it intends to use at trial for impeachment or substantive evidence; and (c) any document(s) Defendant(s) possesses and may utilize at depositions in this case (prior to such deposition(s) taking place).

**OBJECTION: Defendants object to this Request on the grounds that it seeks the production of documents protected from discovery by the attorney-client and/or the attorney work product doctrine, or that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of an attorney in this or any other litigation, or that is protected from disclosure by any other privilege or immunity. Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, is not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Request for Production of Documents to Defendants.**

**DOCUMENT REQUEST NO. 23 – INSURANCE:**

Please provide any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this matter.

**OBJECTION: Defendants object to this Request on the grounds that it is overly broad.**

**RESPONSE: Subject to and without waiving these objections, see the declaration page of the relevant insurance policy, labeled with control numbers DEF00001– DEF00003.**

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*

Date: December 9, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December 2025, I caused true and correct copy of Defendants' Objections and Responses to Plaintiff's First Request for Production of Documents to Defendants to be served upon the following counsel of record, via electronic mail:

Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
8 Interplex Drive, Ste. 201
Feasterville-Trevose, PA 19053
cburke@karpf-law.com

*Attorneys for Plaintiff*

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*