JacksonLewis

Jackson Lewis P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia PA 19102
(267) 319-7802 Main
(215) 399–2249 Fax
jacksonlewis.com

RENEE N. SMITH
DIRECT DIAL: (267) 319-7835
EMAIL: RENEE.SMITH@JACKSONLEWIS.COM

PREEYA BANSAL
DIRECT DIAL: (267) 319-7826
EMAIL: PREEYA.BANSAL@JACKSONLEWIS.COM

January 20, 2026

**VIA ECF ONLY**
Christine E. Burke, Esq.
Karpf, Karpf, & Cerutti P.C.
8 Interplex Drive, Ste. 210
Feasterville-Trevose, PA 19053
cburke@karpf-law.com

**Re: Julie Sabach v. Nanticoke Rehabilitation and Healthcare LLC, et. al.**
**MDPA Civil Action No. 25-883**

Dear Christine:

As you are aware, this firm represents Defendants Nanticoke Rehabilitation and Healthcare, LLC d/b/a Lakewood Rehabilitation & Healthcare Center and Century Healthcare Consulting (collectively referred to as "Defendants") in the above-referenced matter. We write in response to your email, dated December 11, 2025, regarding alleged deficiencies in Defendants' responses to Plaintiff Julie Sabach's ("Plaintiff") discovery requests to Defendants.

## INTERROGATORIES

### Interrogatory No. 1

Defendants repeat their prior objections and response to Interrogatory No. 1 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, the following individuals are likely to have discoverable information which Defendants may use to support their defenses, and the subjects of the information those individuals are believed to possess, include the following:

1. Julie Sabach, Plaintiff. Plaintiff is expected to have knowledge or information regarding the factual basis of the allegations in the Complaint; her alleged damages; her efforts to mitigate her alleged damages, if any; and such other matters which may arise in the course of this litigation.

2. Brittany Shibak, NHA. Ms. Shibak may only be contacted through defense counsel. Ms. Shibak may have knowledge and/or information relating to Plaintiff's employment with Defendants, including but not limited to Plaintiff's separation from employment. Ms. Shibak

may also have knowledge and/or information regarding Defendants' applicable policies and procedures, and other circumstances relating to Plaintiff's claims or Defendants' defenses.

3. Nicole Del-Mess. Former DON. Ms. Del-Mess may have knowledge and/or information relating to Plaintiff's employment with Defendants, including but not limited to Plaintiff's separation from employment. Ms. Del-Mess may also have knowledge and/or information regarding Defendants' applicable policies and procedures, and other circumstances relating to Plaintiff's claims or Defendants' defenses.

4. Erica Bogart, Human Resource Director. Ms. Bogart may only be contacted through defense counsel. Ms. Bogart may have knowledge and/or information relating to Plaintiff's employment with Defendants, including but not limited to Plaintiff's FMLA leave and separation from employment. Ms. Bogart may also have knowledge and/or information regarding Defendants' applicable policies and procedures, and other circumstances relating to Plaintiff's claims or Defendants' defenses.

5. Paola Mendez, Human Resources. Ms. Mendez may only be contacted through defense counsel. Ms. Mendez may have knowledge and/or information relating to Plaintiff's FMLA leave. Ms. Mendez may also have knowledge and/or information regarding Defendants' applicable policies and procedures, and other circumstances relating to Plaintiff's claims or Defendants' defenses.

6. Any and all doctors, health care professionals, and mental health professionals with whom Plaintiff may have consulted and/or treated at any time.

Discovery is ongoing and Defendants reserve the right to supplement their responses.

**Interrogatory Nos. 3 & 4:**

Defendants repeat their prior objections and responses to Interrogatory Nos. 3 and 4 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, see documents previously produced, labeled with Bates numbers DEF00004 – DEF00089; DEF00091 – DEF00093; DEF00095 – DEF00096; DEF00098 – DEF00102; DEF00160 – DEF00184; and DEF00218 – DEF00221.

**Interrogatory No. 5**

Defendants repeat their prior objections and response to Interrogatory No. 5 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, in addition to referring to Plaintiff's W2s for 2023 and 2024 and internal payroll records, Defendants referred Plaintiff to the Collective Bargaining Agreement which outlines benefits applicable to Plaintiff.

**Interrogatory No. 6**

Defendants repeat their prior objections and response to Interrogatory No. 6 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and s\Subject to and without waiving Defendants' prior objections, Defendants have produced all written disciplinary records in their possession.

**Interrogatory No. 8:**

Defendant repeats its prior objections and response to Interrogatory No. 8 and asserts that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defense counsel is willing to meet and confer with Plaintiff's counsel to discuss Plaintiff's request for private, personal, and confidential information about employees and/or patient residents who are not a party to this case.

**Interrogatory No. 10:**

Defendant repeats its prior objections and response to Interrogatory No. 10 and asserts that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defense counsel is willing to meet and confer with Plaintiff's counsel to discuss Plaintiff's request for private, personal, and confidential information about employees and/or patient residents who are not a party to this case.

**Interrogatory No. 11:**

Defendants repeat their prior objections and response to Interrogatory No. 11 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Plaintiff sought and was approved for intermittent FMLA leave during her employment, as confirmed by the documents previously produced and referenced in Defendants' initial response. By way of further response, other than the lawsuit filed by Plaintiff, Defendants have not received notice of any complaints or lawsuits concerning FMLA interference/retaliation since May 1, 2023.

**Interrogatory No. 12:**

Defendants repeat their prior objections and response to Interrogatory No. 12 and assert that they fully and completely responded to this Interrogatory. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Plaintiff sought and was approved for intermittent FMLA leave during her employment, as confirmed by represented in the documents previously produced and referenced in Defendants' initial response.

**DOCUMENT REQUESTS**

**Document Request No. 2:**

Defendants repeat their prior objections and responses to Document Request No. 2 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants are conducting an ESI search for relevant documents and will supplement their response to this Request, if necessary.

**Document Request No. 3:**

Defendants repeat their prior objections and responses to Document Request No. 3 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Plaintiff's request encompasses periods during which Defendants were represented by the undersigned counsel. Accordingly, all internal notes and communications with counsel are protected by the attorney-client or other privilege. By way of further response, Defendants are conducting an ESI search for relevant documents and will supplement their response to this Request, if necessary.

**Document Request No. 4:**

Defendants repeat their prior objections and responses to Document Request No. 4 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants have provided all responsive documentation in their possession.

**Document Request Nos. 5 and 6:**

Defendants repeat their prior objections and responses to Document Request Nos. 5 and 6 and assert that they fully and completely responded to these Requests. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants are conducting an ESI search for relevant documents and will supplement their response to these Requests, if necessary.

**Document Request No. 11:**

Defendants repeat their prior objections and responses to Document Request No. 11 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants have provided all responsive documentation in their possession.

**Document Request No. 13:**

Defendants repeat their prior objections and responses to Document Request No. 13 and assert that they fully and completely responded to this Request. properly responded to Document Request No. 13. Subject to and without waiving Defendants' prior objections, Defense counsel is willing to meet and confer with Plaintiff's counsel to discuss Plaintiff's request for private, personal, and confidential information about employees and/or patient residents who are not a party to this case.

**Document Request No. 14:**

Defendants repeat their prior objections and responses to Document Request No. 14 and assert that they fully and completely responded to this Request. Contrary to counsel's assertion, Defendants decline to speculate or make assumptions regarding what Plaintiff *might* have intended by this Request. Indeed, it is Plaintiff's obligation to propound clear and accurate discovery requests, and Defendants are not responsible for Plaintiff's errors and mistakes. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, see documents labeled with control numbers DEF00160-DEF00184, previously provided on December 9, 2025.

**<u>Document Request No. 15:</u>**

Defendants repeat their prior objections and responses to Document Request No. 15 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants are conducting an ESI search for relevant documents and will supplement their response to this Request, as necessary.

**<u>Document Request No. 17:</u>**

Defendants repeat their prior objections and responses to Document Request No. 17 and assert that they fully and completely responded to this Request. Notwithstanding the above, and subject to and without waiving Defendants' prior objections, Defendants are conducting an ESI search for relevant documents and will supplement their response to this Request, as necessary.

**<u>Document Request Nos. 9, 18, and 19:</u>**

Defendants repeat their prior objections and responses to Document Request Nos. 9, 18 and 19 and assert that they fully and completely responded to these Requests. Subject to and without waiving Defendants' prior objections, Defendants are conducting an ESI search for relevant documents and will supplement their response to these Requests, as necessary.

**<u>Document Request No. 20 and 21:</u>**

Defendants repeat their prior objections and responses to Document Request Nos. 20 and 21 and assert that they fully and completely responded to these Requests. Defendants stand on their objections. Defendants further object on the grounds that it is unreasonable to expect Defendants to search for, much less find, **every** document which may "reflect" the financial information or that "reflect[] exactly how many employees worked for Defendants during each of the last 3 calendar years" subject to these Requests. Finally, Defendants object to this Request because it seeks confidential and proprietary information without the entry of an appropriate confidentiality order.

**<u>D217-221</u>**

Finally, Defendants repeat their prior objections and responses to Document Request No. 13 and assert that they fully and completely responded to this Request.. Subject to and without

waiving Defendants' prior objections, Defense counsel is willing to meet and confer with Plaintiff's counsel to discuss Plaintiff's request for private, personal, and confidential information about employees and/or patient residents who are not a party to this case.

*   *   *   *

If you wish to discuss any of these issues, please feel free to contact us.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Renee N. Smith

Renee N. Smith
Preeya Bansal

**CERTIFICATE OF SERVICE**

I, Renee N. Smith, hereby certify that on this 20th day of January 2026, a true and correct copy of the foregoing Letter on Behalf of Defendants was filed electronically and served via the Court's ECF System upon the following counsel of record:

Ari R. Karpf, Esq.
Christine Burke
Karpf, Karpf, & Cerutti, P.C.
8 Interplex Drive, Ste. 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
cburke@karpf-law.com
*Attorney for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/ Preeya Bansal*
Preeya Bansal, Esquire

4908-9639-6419, v. 3