KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
Tel: (215) 639-0801
Fax: (215) 639-4970
cburke@karpf-law.com

February 18, 2026

**VIA CM/ECF ONLY**

The Honorable Daryl F. Bloom
Chief United States Magistrate Judge
United States District Court Middle District of Pennsylvania

**Re:** ***Sabach v. Nanticoke Rehabilitation and Healthcare LLC, et al.***
**Case No. 3:25-cv-883**

Dear Judge Bloom:

I represent Julie Sabach ("Plaintiff") in the above-referenced matter. Plaintiff previously pursued Court intervention to obtain responses to her initial discovery demands. Those responses were ultimately made on December 9, 2025, over two (2) months late. Plaintiff then served upon Defendants notice of deficiencies on December 9 and 11, 2025. Plaintiff was forced to seek court intervention again on January 12, 2026 when Defendants failed to respond to the deficiencies outlined by Plaintiff. On January 20, 2026 Defendants filed a letter with this court purporting to cure the deficiencies outlined by Plaintiff. However, after a review of this response, it became clear Defendants did not fully supplement their discovery responses and continued to maintain their boilerplate objections. As such, Plaintiff served another notice of deficiencies in writing on January 21, 2026. *See* Email dated January 21, 2026, attached hereto as "Exhibit A."

On February 11, 2026, after a meet and confer between counsel for both parties, Defendants provided a response. However, the following discovery disputes remain[1]:

1. Defendants seem to indicate they are withholding "internal notes and communications" regarding any investigations relating to Plaintiff on the basis of privilege, yet Defendants have not explicitly made that assertion, nor have they provided a privilege log as is required by the Rules. *See* Ex. B, Document Request No. 3;
2. Defendants purport they ran an ESI search according to the timeframe and search terms requested by Plaintiff and that the search returned only ***one (1) email***. Plaintiff asked for a hit report to confirm the search was performed as requested. Defendants have flat out refused to provide the same, despite that numerous federal courts have found hit reports are necessary to allow the parties to refine search terms and ensure a full ESI search is conducted.[2] *See* Ex. B, Document Request Nos. 9, 18, and 19;

[1] Relevant excerpts from Plaintiff's First Request for Production of Documents directed to Defendants are attached hereto at "Exhibit B."

[2] As one court recently explained, if there is "[a]ny objection to a proposed search term as overbroad or disproportionate [the objection] must be accompanied by a hit report so that the other party—and the Court—can assess the burden. Making such an objection without the hit report invites disputes and Court intervention, which

3. Defendants also continue to refuse to provide documents evidencing their employee count and financial condition. This information is discoverable as this case has not been bifurcated. [3] Defendants object on the basis that it is "unreasonable" to search for all documents evidencing its financial worth and employee count; however, Plaintiff offered Defendants the ability to provide affidavits in lieu of these documents, yet Defendants have also declined this offer. *See* Ex. B, Document Request Nos. 20 and 21; and
4. Defendants produced several inappropriately redacted documents. In light of the parties confidentiality agreement, in their most recent response, Defendants indicated they provided unredacted copies of these documents. However, to date Plaintiff has not received those documents. *See* DEF217-221, attached here to as "Exhibit C."

The Parties have attempted to meet and confer several times throughout the discovery process and yet Defendants have continuously failed to provide the requested discovery and continue to delay the discovery process. To that end, Plaintiff respectfully requests a conference with the Court regarding these discovery disputes. Plaintiff can be available at this Court's convenience.

Finally, Plaintiff has been waiting months to obtain full and complete written discovery. Fact discovery is currently set to close on March 10, 2026 with any requests to extend being due

---

an ESI Protocol is designed to avoid." *Leon v. Am. Honda Motor Co., Inc.*, No. CV 24-7872, 2025 U.S. Dist. LEXIS 230037, at *13 (C.D. Cal. Nov. 7, 2025). Hit reports serve a critical **quality-control and proportionality function**, particularly where there are concerns that responsive ESI has not been fully produced. As the District of Minnesota observed, "[A] hit report allows the party propounding the discovery to conduct relatively unobtrusive quality control… [and] there is virtually no burden on Defendants in executing a search and providing the results of that search." *Castle Aero Fla. Int'l, Inc. v. Mktg. & Fin. Servs.*, No. 11-2672, 2013 U.S. Dist. LEXIS 199295, at *6 (D. Minn. Jan. 4, 2013) (emphasis added). Similarly, courts have emphasized that **meaningful meet-and-confer discussions are impossible without hit data**. Without it, parties cannot intelligently assess claims that a search is overbroad or propose reasonable narrowing. "Without a hit report, generated by software, there is no accepted methodology to certify that a competent search was done… [or] to reasonably meet and confer on any objections that defense counsel may have." *Wilbert v. Pyramid Healthcare, Inc.*, No. 24-331, 2025 U.S. Dist. LEXIS 51057, at *12–13 n.11 (W.D. Pa. Mar. 20, 2025). Courts in the Third Circuit also recognize that search terms must be refined **using hit data, not guesswork or rhetoric**. Poorly crafted terms can either over-capture irrelevant documents or miss relevant ones entirely. See *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009); *Precision Medicine Group, LLC v. Blue Matter, LLC*, 2020 WL 7352509 (S.D.N.Y. Dec. 15, 2020). When parties cannot agree on appropriate refinements, courts have made clear that hit reports—not conclusory objections—are the proper evidentiary predicate for judicial intervention. *Raine Grp. LLC v. Reign Capital, LLC*, No. 21-CV-1898, 2022 U.S. Dist. LEXIS 31282, at *9 (S.D.N.Y. Feb. 22, 2022).

[3] *Grosek v. Panther Transp., Inc.,* 251 F.R.D. 162, 165 (M.D. Pa. 2008); *E.J. Lavino & Co. v. Universal Health Services, Inc*., WL 275767, *1 (E.D. Pa. 1991); *See Renshaw v. Ravert,* 82 F.R.D. 361, 363 (E.D.Pa.1979) ("[W]hen a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration ... [and] the production of this information may properly be compelled"); *Lynn Electronics Corp. v. Automation Machinery & Development Corp.,* No. 86–2301, 1988 WL 25332, *3 (E.D. Pa. Mar. 14, 1988) ("Where, as here, punitive damages are at issue, a plaintiff is generally entitled to information about the defendant's financial position"); *Vivino v. Everlast Sporting Goods Manufacturing Company Inc.,* No. 87–1161 1987 WL 17571, *1–2 (E.D. Pa. Sept. 28, 1987) ("[W]hen punitive damages are requested, the plaintiff may seek discovery regarding defendant's financial status"); *Security Insurance Company of Hartford v. Meyer Trading Company, Inc.,* No. 86–4522 1987 WL 8207, *1 (E.D. Pa. Mar. 20, 1987) ("[T]he weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed . . . . No *prima facie* showing in punitive damages is required to justify discovery").

on or before February 24, 2026. Thus, Plaintiff seeks to discuss an appropriate extension so she is not prejudiced in conducting necessary depositions in this case.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/ *Christine E. Burke*
Christine E. Burke, Esq.

cc: Renee N. Smith, Esq. (via ECF)
Preeya Bansal, Esq. (via ECF)