# Exhibit A

---------- Forwarded message ---------
From: **Christine Burke** <cburke@karpf-law.com>
Date: Wed, Jan 21, 2026 at 1:00 PM
Subject: Re: Sabach v. Nanticoke
To: Allen, Amanda (Philadelphia) <Amanda.Allen@jacksonlewis.com>, Erin McVicar <erin@karpf-law.com>
Cc: Smith, Renee N. (Philadelphia) <Renee.Smith@jacksonlewis.com>, Bansal, Preeya (Philadelphia) <Preeya.Bansal@jacksonlewis.com>

Counsel,

Having reviewed the correspondence filed on the docket yesterday, your office supplemented almost nothing and either maintained boilerplate objections or gave vague information about when an ESI would be completed. Plaintiff is no nearer to getting the written discovery she is entitled to in this wrongful termination suit.

Please advise the following:

**Rog No.: 1**- No contact information was provided for Nicole Del-Mess. Former DON. Please confirm her last known contact information, including phone number and last known address.

**Rog No.: 5 and Document Demand No 2 -** Defendants' limitation to providing earnings information for 2023 and 2024 is improper. No mention of amending to include complete W2s was referenced, nor any complete payroll records for 2023 or 2024. The amount, if any, of overtime worked is directly relevant to damages and would not be reflected in a W2. Please confirm if your clients are going to amend.

**Rog No.: 8., 10, and Doc Demand 13** The Defense has maintained their objections. The sole purported reason for termination was failure to meet reporting obligations for a particular patient. The direct details of the incidents and purported complaints are all relevant, discovery and at issue in this case. <u>Your office indicated you desired to "confer" on these issues. Please advise your for a call between today and Monday.</u>

**Rog No.: 11 and 12, Doc 15** are still vague and non responsive. They provide no particulars as to the dates the intermittent FMLA was utilized and approved.

**Doc No.:3** - Defendants again, did not provide a privilege log - and also do not disclaim that any internal emails or documents are being withheld on the basis of a claimed privilege.

**Doc 5 and 6** - regarding evaluations beyond 2018, the Defense merely refers to its ESI search. Please confirm if evals were done post 2018, as those would be centrally located in HR and/or managements files.

**Doc No.: 11 and 13** - Defendants still have not addressed the deficiency; Plaintiff again asks for the full report (not piece meal pages thereof).

**D 14 -** The only documentation provided from any external agency is the few pages of a report at D 166-169. Please confirm if the defense has any additional reports of any local authorities appearing on site, providing any police or incident reports of their arrival, or communications reflecting conversations with outside agencies, including their officers or investigators.

**D 17 -** Again, the deficiency response is non-responsive. Please immediately produce the 12 page report.

**D 9, 18 and 19** ESI hit reports are requested as previously indicated. Defendants very clearly did not run the ESI searches propounded.

Defendants responded: "Defendants are conducting an ESI search for relevant documents and will supplement their response to these Requests, as necessary." This does not confirm if your clients are running the searches requested, what those searches yielded in terms of results. Please advise if this search is being done in house or through a vendor, and where in the process things stand.

**D 20 and 21** - Plaintiff insists on responsive information; this case is not bifurcated. What responsive information has been provided as claimed? Not a single document produced shows the defendants' financial condition or employee counts - both directly probative to the issue of punitive damages. We offered your clients the ability to provide affidavits in lieu of all documents showing EE Count, or substanting revenues. They have declined to do either/or as offered.

Separately, D 217-221 are improperly redacted without any assertion of privilege. Plaintiff is entitled to see the names on these termination and corrective action forms, for purposes of cross examination during depositions.

**Please respond to each of the above issues by Monday;** the fact that undersigned Counsel cannot get a response from your clients without going to the Court is really unfortunate. Plaintiff is entitled to all discoverable information surrounding her compensation, the FMLA leave dates approved, and all emails and internal documents surrounding this purported abuse and investigation thereof.

Christine

On Thu, Dec 11, 2025 at 11:16 AM Christine Burke <cburke@karpf-law.com> wrote:

> Counsel -
>
> In addition to our claim of waiver of any claimed objections, the following answers are not complete and require supplementation:
>
> **PLEASE CURE THE BELOW DEFICIENCIES as soon as possible, but no later than 12/19.**
>
> **Interrogatories:**
>
> **- Rog No.: 1**: This Interrogatory sought the specific identity of any individuals with knowledge of the facts which tend to support or refute any claim or defense asserted in this case. Defendants merely refer to their Initial Disclosures ("IDSs"). While the IDs list Plaintiff, Shibak, Del-Mess, Bogart and Mendez, Plaintiff seeks confirmation this is the extent of this response. "Catch all" phrases listing " Any and all current and former employees of Defendants who, in the course of performing their normal job duties, may have obtained knowledge or information regarding or relating to the claims or defenses in this action," is inappropriate. Plaintiff will move to strike any witnesses not listed *herein*.
>
> **- Rog No.: 3 and 4** - OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could [. . . .] Fed. R. Civ. P. 34. Please identify with specificity *which* bates-stamped documents Defendants claim are responsive to these interrogatories.
>
> - **Rog No.: 5** - asks for all information regarding Ms. Sabach's compenstiaon, including " medical benefits, vision benefits, dental benefits, commissions, 401K contributions, pension benefits or other retirement compensation, and any other bonuses or financial awards Plaintiff(s) was or would have been eligible to receive during Plaintiff(s) employment." The Defense simply referred to W2s for 2023 and 2024 and internal payroll records. A.) Please provide all W2s for the last five (5) years of employment. B.) Please also provide a full and complete response regarding benefits, including full and complete copies of her retirement or pension plan. This was also requested fully in Doc. Demands (No.: 2).
>
> **- Rog No.: 6** - asks for information regarding discipline issued to Ms. Sabach. Defendants strictly refer to certain Documents (mostly stale incidents of medication errors from 2017 and 2018, and then strictly documents surrounding the termination in 2025). Please confirm this is the full extent of discipline issued to Plaintiff.
>
> - **Rog No.: 8** - asks:
>
> From January 1, 2025 through Plaintiff's separation, please identify each how many complaints Defendants were made aware of being filed with any local, state or federal agencies. Unless the answer is anything other than an affirmative "no," we had no knowledge of any complaints, anonymous or otherwise, please identify: a.) b.) c.) when Defendants were made aware a complaint to an external agency was made; who within Defendants first received

notice of a complaint; the identify of the external agency and any investigator to whom the complaint was assigned; d.) e.) whether anyone within Defendants was interviewed as part of any investigation; whether any emails or documents were shared with that agency (and an itemization thereof); and f.) an explanation of any results of the complaint/the investigation.

The Defense literally fails to respond. This issue is central to the claims for retaliation in this case as to Counts II, III and IV. Please amend.

**- Rog No.: 10** - asks: If Defendant(s) management or human resources personnel ever received any formal, informal, or legal complaints by any current or former employees (directly or indirectly) about or the same facility where Plaintiff worked, concerns any allegations of abuse or neglect, please provide: (a) the name of the complaining current or former employee; (b) the nature or summary of the complaint(s); (c) the date(s) of the complaint(s); and (d) the outcome of the complaint(s) (i.e. what action, if any, was taken as to the management employee complained about) **So too with document demand no.: 13.**

The Defense literally fails to respond. Intent and willfulness are a directly at issue in this case; if other employees were making similar internal or external complaints to the Defendants, Plaintiff is entitled to explore that during discovery. Please amend.

**- Rog No.: 11 -** asks about FMLA information and notice of the bases for Plaintiff's FMLA needs. Defendants' response to the completed FMLA certification form is improper. Please provide a full and complete response to each subpart.

**- Rog No.: 12** - asks about FMLA designations. The documents referenced do not provide the responsive information sought.

**Document Demands:**

- **D 2 -** Compensation information: this is not full and complete. All benefits documentation has been improperly withheld.

- **D 3** - Investigatory information: it is unclear if any responsive documentation is being withheld on the basis of A/C privilege or work product; no privilege log has been provided to account for same.

- **D 4** - Agency information: Defendants solely produced a copy of the EEOC Charge, but i.) no response or position statement thereto, and ii.) no documentation regarding to Plaintiff's claim for unemployment benefits.

- **D 5/6 -** Personnel file info. The Defense has only provided an evaluation for <u>2018</u>. Please produce *all evaluations* completed in relation to Ms. Sabach at any time during her period of employment.

**D 11** - The Defense has withheld documents improperly. D 166-169 is a 12 page report (as indicated at the bottom left). Please produce the *full and complete copy of this document*.

**D 13** - see above.

**D 14**. Defendants are playing games merely based upon a typo as to 66 vs 35. The Answer clearly alleges:
" 36. PLAINTIFF'S SUSPENSION AND TERMINATION Defendants admit only that KP was arrested and removed from the facility, and that the Department of Health, the Attorney General, the State Board of Nursing, and the Newport Township Police Departments investigated an anonymous complaint. The remaining averments in Paragraph 36 of the Complaint are denied." Plaintiff then asked for all documents tending to support this assertion; please provide every single document, be it an agency report, or internal email reflecting this assertion.

**D 15** - FMLA information. The limited documents produced are simply not fully responsive. Please provide documents showing each date that was approved as FMLA and designated as such, among other subparts ignored.

**D 17 -** The Defense has withheld documents improperly. D 166-169 is a 12 page report (as indicated at the bottom left). Please produce the *full and complete copy of this document*. Please also confirm if this is the ONLY report in Defendans' possession or only document existent related to this response.

**D 9, 18 and 19** ESI hit reports are requested as previously indicated. Defendants very clearly did not run the ESI searches propounded.

**D 20 and 21** - Plaintiff insists on responsive information; this case is not bifurcated.

Separately, D 217-221 are improperly redacted without any assertion of privilege. Plaintiff is entitled to see the names on these termination and corrective action forms, for purposes of cross examination during depositions.

Please address these issues in a timely fashion.

Christine

On Tue, Dec 9, 2025 at 3:53 PM Christine Burke <cburke@karpf-law.com> wrote:

Dear Counsel -

I can glean from the production and your clients' baseless objections it did not perform an ESI search.

We intend to pursue our issue of waiver of objections with the Court.

In the meantime, I would urge your client to provide proof that it even ran a single search in line with RFP 19, and any claim of overbreadth.

Christine

On Tue, Dec 9, 2025 at 3:45 PM Allen, Amanda (Philadelphia) <Amanda.Allen@jacksonlewis.com> wrote:

> Good afternoon, Attorney Burke,
>
> On Behalf of Attorney Smith and Attorney Bansal, please see the attached discovery responses and production from Defendant's.
>
> Thank you for your time and attention to this matter.
>
> Have a great day!

--
Very truly yours,

Christine E. Burke, Esq.
*Managing Partner*
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 phone
(215) 639-4970 fax

KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

All information and attachments in this message contain privileged and confidential communication. If the reader of this message is not the intended recipient, or any employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to the message and deleting it from your computer. Thank you.

--