# Exhibit B

c) Internal complaint or grievance procedures, Equal Employment Opportunity (EEO) policies and Harassment policies;

d) Any employee handbook or policy guides in place during Plaintiff(s) employment;

e) Policies and practices concerning compensation of employees; and

f) Any and all policies that in any way bear on or illustrate company expectations, confidentiality or rules regarding workplace attendance, misconduct or other workplace guidelines.

**DOCUMENT REQUEST NO. 2 - COMPENSATION INFORMATION:**

Please produce any and all compensation-related documents relating to the employment of Plaintiff(s), including but not limited to documents evidencing, discussing, or related to any of the following:

a) any and all pay information for Plaintiff(s) for Plaintiff(s) entire period of employment with Defendant(s), including all payroll records;

b) any reduction(s) or increase(s) in Plaintiff(s) pay or benefits;

c) any changes in Plaintiff(s) compensation structure, terms and conditions of employment or other internal forms showing adjustments to Plaintiff(s) employment status for any reason or purpose;

d) Any documents showing a pension plan, 401K plan, investment plan, or other benefits available to Plaintiff(s) within Defendant(s); and

e) Every internal company document showing any pay increases for Plaintiff(s) along with the rationale for same and any changes to Plaintiff(s) position or job duties.

**DOCUMENT REQUEST NO. 3 - INVESTIGATORY INFORMATION:**

Please produce any and all documents within the control or possession of Defendant(s) or any of its agents relating to Plaintiff(s) concerning any review, investigation or research of Plaintiff(s) including but not limited to:

a) Written statements, memorializations, certifications or affidavits of witnesses, third parties, employees or former employees;

b) Notes of interviews with witnesses, employees, former employees or third parties by any HR employee, supervisor or agent of Defendant(s);

d) Any restrictions on competing, solicitation or other employment or post-employment limitations; and

e) Any arbitration policies, litigation restrictions, or other documentation pertaining to Plaintiff(s) ability to litigate about or concerning matters arising out of his employment relationship with Defendant(s).

**DOCUMENT REQUEST NO. 8 - TERMINATION DOCUMENTATION:**

If Defendant(s) is contending Plaintiff(s) was terminated in part or whole for misconduct, or performance-related reasons, please provide the following:

a) Every document in the possession or control of Defendant(s) or a third-party agent of Defendant(s) evidencing, illustrating, or supporting the bases for Plaintiff(s) termination from employment;

b) Every document Defendant(s) or any of its supervisors, managers or personnel considered, relied upon, or reviewed in evaluating and/or deciding to terminate Plaintiff(s) employment from Defendant(s);

c) Every document Defendant(s) received from a third-party company or individual expressing concerns or complaints about Plaintiff(s) (if any);

d) Every document that in any way shows a policy, rule or expectation that Plaintiff(s) is alleged to have violated or not complied within during Plaintiff(s) employment with Defendant(s); and

e) Every communication to or from any employee, supervisor or human resources personnel about or concerning Plaintiff(s) performance, insubordination or misconduct within the workplace during Plaintiff(s) period of employment with Defendant(s).

**DOCUMENT REQUEST NO. 9 - SEPARATION COMMUNICATIONS:**

As to the reasons for Plaintiff(s) separation from employment, provide every e-mail, internal chat message (be it skype, jabber, or teams), note, memoranda or other document that in any way reflects or shows *all discussions about or concerning Plaintiff(s) separation from employment*, the decision-making process, and correspondence to or from Plaintiff(s) about the circumstances leading up to Plaintiff(s) termination from employment.

**DOCUMENT REQUEST NO. 10 - JOB DESCRIPTIONS OF PLAINTIFF:**

Please provide copies of every job description that Defendant(s) contend Plaintiff(s) was governed by or which Plaintiff(s) was provided any time during Plaintiff(s) employment with Defendant(s).

**DOCUMENT REQUEST NO. 16:**

Please provide any and all documents within the same physical location Plaintiff worked evidencing any complaints, formally or informally, verbally or in writing, to a manager, human resources employee or in an agency or in a court, about or concerning discrimination, interference or retaliation for use of FMLA or medical leave within Defendant(s) over the last seven (7) years.

**DOCUMENT REQUEST NO. 17:**

Please provide any and all documents tending to reflect or demonstrate any survey results, site visits, interviews or inspections performed by the Department of Health, local police, or any other state or federal agencies between January 1, 2025 through Plaintiff's ultimate separation.

**DOCUMENT REQUEST NO. 18:**

Please provide any and all emails by Andrew Wolak, Brittany Shibak, or Erica Bogart, discussing any survey results, site visits, interviews or inspections performed by the Department of Health, local police, or any other state or federal agencies between January 1, 2025 through Plaintiff's ultimate separation.

**DOCUMENT REQUEST NO. 19 – ELECTRONICALLY STORED INFORMATION:**

In addition to searching for responsive documentation as requested above, please also conduct a targeted ESI search utilizing the below parameters and produce both a hit report for each term as well as any documents returned as part of each search.

**Custodians**[1]
Stephanie Schoefield
Yvonne Bruzza
Susan Prozda
Brittany Shiback
Andy Wolak
Jennifer Moses
Erica Bogart

**Time Period**
November 1, 2024 through May 30, 2025

---

[1] For each custodian, please ensure to search email, Microsoft teams chat or similar chatting platform or SMS communications.

**Search Terms**
(Julie OR Sabach ) AND terminat*
(Julie OR Sabach ) AND fire
(Julie OR Sabach ) AND FMLA
(Julie OR Sabach ) AND medical leave
(Julie OR Sabach ) AND husband
(Julie OR Sabach ) AND COPD
(Julie OR Sabach ) AND pulmonary
(Julie OR Sabach ) AND appointment*
(Julie OR Sabach ) AND radiation
(Julie OR Sabach ) AND chemo
(Julie OR Sabach ) AND cancer
(Julie OR Sabach ) AND prostate
(Julie OR Sabach ) AND attendance
(Julie OR Sabach ) AND the State
(Julie OR Sabach ) AND dept of health
(Julie OR Sabach ) AND department of health
(Julie OR Sabach) AND DOH
(Julie OR Sabach ) AND complaint
(Julie OR Sabach) AND retract or retraction
(Julie OR Sabach ) AND investig!
(Julie OR Sabach ) AND elder justice abuse
(Julie OR Sabach ) AND survey
(Julie OR Sabach ) AND report
(Julie OR Sabach ) AND KP or Keith Perry (please run search with Julie or Sabach and initials, first and/or last name)
(Julie OR Sabach ) AND police
(Julie OR Sabach ) AND DD or David Doreskewicz (please run search with Julie or Sabach and initials, first and/or last name)
(Julie OR Sabach ) AND assault
(Julie OR Sabach ) AND abuse
(Julie OR Sabach ) AND mandatory report*

From April 1, 2025 through Plaintiff's separation, please search for "Julie," and "Sabach" without modifiers.

**DOCUMENT REQUEST NO. 20: - COMPANY EMPLOYEE COUNT:**

A court or jury's willingness to award actual damages, punitive damages or liquidated damages is often impacted by the size of the employer (as are damage caps under certain laws). Please provide documents reflecting the following information:

a) All documents reflecting exactly how many employees worked for Defendant(s) during each of the last 3 calendar years on a part-time or full-time basis; and

b) Payroll documentation reflecting all employees employed within the last 3 years for Defendant(s)

*[If Defendant(s) has employed more than 500 employees for each of the last 3 calendar years, Defendant(s) need not provide any requested documents herein if Defendant(s) would prefer to provide a sworn affidavit to this effect in lieu of documentation from a high-level manager authorized to affirm such information (with details specifying such authorization)]*

**DOCUMENT REQUEST NO. 21: - COMPANY FINANCIAL NET WORTH:**

When a plaintiff(s) pursues punitive damages as part of his legal claim, Defendant(s) financial worth becomes immediately discoverable.

*[It is so well established that a plaintiff is entitled to pretrial discovery on a defendant(s) net worth and financial condition (which is a primary factor in a punitive-damage analysis) that if any objections herein are made, Plaintiff(s) will consider moving for sanctions against Defendant(s) and this statement herein **serves to place Defendant on notice of same**.[2]]*

Please produce any and all documents that reflect the following:

---

[2] Pursuant to Fed.R.Civ.P. 26(b), a plaintiff is entitled to documents relating to damages plaintiff may obtain on their claims, ***including punitive damages.*** *See Stayinfront, Inc. v. Tobin*, 2006 U.S. Dist. Lexis 80498 at *15 (D.N.J. 2006)(requiring defendant to produce pretrial discovery reflecting financial worth as plaintiff was entitled to seek punitive damages); *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 166 (M.D. Pa. 2008)(requiring production of pre-trial discovery by defendant on financial net worth due to claim for punitive damages); *Mut. Indus. v. Am. Int'l Indus*., 2013 U.S. Dist. LEXIS 98672 (E.D. Pa. 2013)(compelling production of financial information during discovery because such information is relevant to a plaintiff's claim for punitive damages); *Graham v. Carino*, 2010 U.S. Dist. LEXIS 54964 (D.N.J. 2010)(Defendant's argument that punitive damages may be bifurcated at trial was an insufficient argument for delaying production of punitive-damage discovery during the discovery period, requiring same to be produced); *Guy Chem. Co. v. Romaco AG*, 2007 U.S. Dist. LEXIS 27160 (W.D. Pa. 2007)(striking objections of defendant and ordering immediate production of net worth discovery and financial condition for punitive damage analysis); *Caruso v. Coleman Co*., 157 F.R.D. 344 (E.D. Pa. 1994)(It is well established that a plaintiff is entitled to pre-trial discovery on finances of a defendant when seeking punitive damages without having to follow any requirements of a *prima facie* showing of punitive damage likely being awarded at trial); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa. 1979)("When a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration . . . [and] the production of this information may properly be compelled"); *Lynn Electronics Corp. v. Automation Machinery & Development Corp.*, No. 86-2301, 1988 WL 25332, *3 (E.D. Pa. 1988) ("Where, as here, punitive damages are at issue, a plaintiff is generally entitled to information about the defendant's financial position"); *Vivino v. Everlast Sporting Goods Manufacturing Company Inc.*, WL 17571, at *1-2 (E.D. Pa. 1987)("When punitive damages are requested, the plaintiff may seek discovery regarding defendant's financial status"); *Security Insurance Company of Hartford v. Meyer Trading Company, Inc.*, WL 8207, *1 (E.D. Pa. 1987)("The weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed. . . . No *prima facie* showing in punitive damages is required to justify discovery"); *Thompson v. Glenmede Trust Co.,* 1993 WL 410283, at *6 (E.D. Pa. 1993) (noting that "it is well settled that evidence of a defendant's financial condition is admissible for purposes of ascertaining the appropriateness and amount of punitive damages"; E.*J. Lavino & Co. v. Universal Health Services Inc*. WL 275767 (W.D. Pa. 1991)(same); *Rile v. Alpha Technologies, Inc.* WL 515534 (W.D. Pa. 2006)(same); *Sample v. Keystone Carbon Co*., 786 F.Supp. 527 (W.D. Pa. 1992)(same).

a) Any and all documents reflecting Defendant(s) revenue and profit for each of the last 3 years;

b) Any and all documents reflecting Defendant(s) net worth during each of the last 3 years; and

c) Any and all documents reflecting Defendant(s) debt to profit ratio(s) for each of the last 3 years.

*[If Defendant(s) would prefer not to produce documents reflecting the foregoing information, Plaintiff(s) will accept a sworn affidavit that **clearly** and **sufficiently** details the information sought in documents in this Document Request from a sufficiently high-level manager of Defendant(s) authorized to affirm such information (with details specifying such authorization). Please note that a vague or overly broad sworn affidavit will be insufficient to satisfy this Request.]*

**DOCUMENT REQUEST NO. 22 - OTHER KNOWN AND AVAILABLE DISCOVERY:**

Please produce every document Defendant(s) possesses or has access to which: (a) supports any claim or defense in the instant case (whether helpful or harmful to claims or defenses in this case); (b) which it intends to use at trial for impeachment or substantive evidence; and (c) **any** document(s) Defendant(s) possesses and may utilize at depositions in this case (**prior** to such deposition(s) taking place).

**DOCUMENT REQUEST NO. 23 – INSURANCE:**

Please provide any and all insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this matter.

**KARPF, KARPF & CERUTTI, P.C.**

***/s/ Christine E. Burke***

________________________________
Christine E. Burke, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated: September 29, 2025