# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE SABACH | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | CASE NO.: 25-883 |
| v. | : | |
| | : | |
| NANTICOKE REHABILITATION AND HEALTHCARE LLC, d/b/a LAKEWOOD REHABILITATION & HEALTHCARE CENTER | : | |
| And | : | |
| CENTURY HEALTHCARE CONSULTING | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Nanticoke Rehabilitation and Healthcare LLC d/b/a Lakewood Rehabilitation & Healthcare Center and Century Healthcare Consulting, by and through their undersigned counsel, hereby respond to Plaintiff's First Set of Interrogatories to Defendants (the "Interrogatories"), as follows:

**GENERAL COMMENTS AND QUALIFICATIONS**

Defendants have endeavored, at this stage of this litigation, to answer Plaintiff's interrogatories on the basis of the best data now available. Persons who are non-parties and who are not now employees of Defendants may have information relevant to the subject matter of Plaintiff's interrogatories, but Defendants are not purporting to provide in these answers, material, if any, presently possessed by such persons.

The answers set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground, to the use of any answers herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action.

2. The right to object on any and all proper grounds, at any time, to other requests or other discovery procedures involving or relating to the subject matter of the interrogatories answered herein; and

3. The right at any time to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of Defendants answers are made subject to the above comments and qualifications.

# INTERROGATORIES

**INTERROGATORY NO. 1: [RELEVANT INDIVIDUALS]**

Identify (name, address and telephone) all persons with knowledge of the facts which tend to support or refute any claim or defense asserted in this case, describing the facts or knowledge of any person identified in this interrogatory with particularity, and indicate if any of the identified individuals are represented by counsel.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad. Defendants further object to this Interrogatory on the grounds that is it premature, as discovery is continuing. Defendants further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.**

**RESPONSE: Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their initial disclosures, served on November 3, 2025 pursuant to Federal Rule of Civil Procedure 26, for information responsive to this Interrogatory.**

**INTERROGATORY NO. 2: [PLAINTIFF(S) BACKGROUND WITH DEFENDANT(S)]**

Identify each and every position or title Plaintiff(s) held with Defendant(s), including the dates Plaintiff(s) held each such position, a description of the job duties he performed in each position, and the names of each supervisor/manager who supervised Plaintiff(s) in each such position.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff was hired by Defendants on or about December 12, 2016 as a Licensed Practical Nurse (LPN), and worked in this capacity until her separation from employment in April 2025. During her**

**employment, Plaintiff was supervised by Melisa Sweetz, NHA; Donna Connery, NHA; Brittany Shibak, NHA, Noelle Glazinksi, DON, Mary Fabyanski, DON; Paula Munley, DON; Nicole Del-Mese; DON, Stacey Wright, ADON; Amy Kase, ADON; June Horinko-Wunderlich, ADON, and Melisa Seferyn, ADON. By way of further response, see LPN job description, labeled with control numbers DEF00222 – DEF00225.**

**INTERROGATORY NO. 3: [EMPLOYMENT SEPARATION DECISION MAKER(S)]**

Identify the circumstances surrounding the decision to terminate/separate Plaintiff(s) from Plaintiff(s) employment, including the names of each and every individual who in any way participated in the decision to end or terminate Plaintiff(s) employment, a brief description of their participation, and the exact date the decision(s) was made and communicated to Plaintiff(s).

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad.**

**RESPONSE: Subject to and without waiving the foregoing objection, Plaintiff's employment was terminated on or about April 23, 2025 for a legitimate, nondiscriminatory and nonretaliatory reason – namely, as a mandated reporter, Plaintiff failed to report an allegation of abuse that occurred on February 22, 2025, pursuant to the Elder Justice Act. At no time did Defendants interfere with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), nor did Defendants retaliate against Plaintiff or otherwise violate federal, state, or local law. By way of further answer, see documents produced in response to Plaintiff's First Set of Document Requests to Defendant for information related to Plaintiff's employment with Defendant and Plaintiff's separation from employment. Defendants' Human Resources Director, Erica Bogart, and Defendants' Nursing Home Administrator, Brittany Shibak, made the decision to terminate Plaintiff's employment.**

**<u>INTERROGATORY NO. 4:</u> [TERMINATION]**

Identify each and every reason Defendant(s) contends Plaintiff(s) was terminated and/or separated from Plaintiff(s) employment with Defendant(s), including a description and date of each act/omission which contributed to the decision to terminate/separate, as well as the identity of who was involved with each such act/omission.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory as duplicative of Interrogatory No. 3, above.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see Defendants response to Interrogatory No. 3, above. By way of further answer, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants for information related to Plaintiff's employment with Defendants and Plaintiff's separation from employment.**

**<u>INTERROGATORY NO. 5:</u> [PLAINTIFF(S) COMPENSATION]**

Identify any and all compensation Plaintiff(s) was receiving at the time of Plaintiff(s) termination/separation, including pay rate information, salary, medical benefits, vision benefits, dental benefits, commissions, 401K contributions, pension benefits or other retirement compensation, and any other bonuses or financial awards Plaintiff(s) was or would have been eligible to receive during Plaintiff(s) employment.

**<u>OBJECTION</u>: Defendant objects to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objection, at the time of Plaintiff's separation from employment on April 23, 2025, she earned $26.60/hour. By way of further response, see documents labeled with control numbers DEF00004 – DEF00053 and DEF00185 – DEF00208 for responsive information.**

**<u>INTERROGATORY NO. 6:</u> [PLAINTIFF(S) DISCIPLINARY HISTORY]**

Identify any and all disciplinary action issued to Plaintiff(s) during Plaintiff(s) employment (written or verbal, formal or informal), including the dates and nature of the discipline (verbal,

written, suspension, etc.), the reason(s) for the discipline, and the individuals involved in any way with the issuance of the discipline.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it seeks information in Plaintiff's possession, custody, or control.**

**RESPONSE: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00054 – DEF00126 and DEF00160 – DEF00184, for responsive information.**

**INTERROGATORY NO. 7: [PERSONS COMMUNICATING WITH ANY OUTSIDE AGENCIES FOR ANY ANONYMOUS OR OTHER EXTERNAL COMPLAINTS]**

From January 1, 2025 through Plaintiff's separation, please identify each person who served as a point of contact for any external agency (be it local police, the Department of Health, or the Attorneys General's office), as to any complaints regarding patient care, neglect or mistreatment.

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad as to time and scope. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant to either party's claim or defense.**

**RESPONSE: Subject to and without waiving the foregoing objections, Human Resources Director, Erica Bogart; Paula Munley, RN/DON; Amy Bannon, RN/DON; Nicole Del-Mese, RN/DON; and, Brittany Shibak, Nursing Home Administrator.**

**INTERROGATORY NO. 8: [ANONYMOUS OR KNOWN EXTERNAL COMPLAINTS]**

From January 1, 2025 through Plaintiff's separation, please identify each how many complaints Defendants were made aware of being filed with any local, state or federal agencies.

Unless the answer is anything other than an affirmative "no," we had no knowledge of any complaints, anonymous or otherwise, please identify:

a.) when Defendants were made aware a complaint to an external agency was made;

b.) who within Defendants first received notice of a complaint;

c.) the identify of the external agency and any investigator to whom the complaint was assigned;

d.) whether anyone within Defendants was interviewed as part of any investigation;

e.) whether any emails or documents were shared with that agency (and an itemization thereof); and

f.) an explanation of any results of the complaint/the investigation.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope, is not proportional to the needs of the case, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory on the grounds that it seeks private, personal, and confidential information about employees and/or patient residents who are not a party to this case.**

**<u>INTERROGATORY NO. 9:</u> [CONCERNS]**

As to any concerns, complaints, objections or grievances by Plaintiff(s) to any supervisor, manager or human resources employee about or concerning any matter in the workplace from November 1, 2024 through her separation, please describe whether they were written or oral, please identify the nature of such concerns/complaints/objections, the dates of each discussion related to same, the names of each and every individual involved with same, and the outcome of the same.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is unduly burdensome, overly broad as to time and scope, seeks information that is not relevant to either party's claims or defenses, and is not proportional to the needs of the case. Defendants further object to this Interrogatory on the grounds that the phrase "concerns, complaints, objections or grievances" is vague, ambiguous, undefined, and subject to**

**multiple interpretations. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, Plaintiff did not raise any "concerns, complaints, objections or grievances" to any supervisor, manager or human resources employee between from November 1, 2024 and her separation from employment in April 2025.**

**<u>INTERROGATORY NO. 10:</u> [DIRECT MANAGEMENT INFORMATION]**

If Defendant(s) management or human resources personnel ever received any formal, informal, or legal complaints by any current or former employees (directly or indirectly) about or the same facility where Plaintiff worked, concerns any allegations of abuse or neglect, please provide: (a) the name of the complaining current or former employee; (b) the nature or summary of the complaint(s); (c) the date(s) of the complaint(s); and (d) the outcome of the complaint(s) (i.e. what action, if any, was taken as to the management employee complained about).

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad as to time and scope, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory on the grounds that it seeks private, personal, and confidential information about current or former employees and/or patient residents who are not a party to this case.**

**<u>INTERROGATORY NO. 11:</u> [FMLA INFORMATION]**

As to matters pertaining specifically to Plaintiff(s) FMLA claim(s), please identify:

A. Whether any supervisor or manager of Plaintiff(s) was aware of any: (1) health conditions, medical afflictions, medical illnesses, medical restrictions or disabilities of Plaintiff's husband. If so, identify each supervisor or manager's name, a summary of his or her knowledge, and how he or she came to know such information;

B. Whether any human resources ("HR") personnel of Defendant(s) was aware of any: (1) health conditions, medical afflictions, medical illnesses, medical restrictions or disabilities of Plaintiff's husband. If so, identify each HR employee's name, a summary of his or her knowledge, and how he or she came to know such information;

C. Whether Plaintiff(s) ever inquired, referenced, sought, or requested any form of medical leave from Defendant(s), including but not limited to leave reduced, intermittent or block medical leave under the Family and Medical Leave Act ("FMLA"), and if so, identify the dates of Plaintiff's inquiries or requests, to whom Plaintiff communicated, and the outcome of each and every request (i.e. the dates Plaintiff(s) was granted leave or if the request was denied);

D. Whether Plaintiff ever expressed any concerns or complaints to any supervisor, manager or human resources personnel about or concerning health-related mistreatment, discrimination, retaliation or anything about or concerning a requested, denied, delayed or already utilized medical leave of absence (under the FMLA or otherwise); and if so, identify: (1) the nature of or a summary of Plaintiff(s) concerns or complaints; (2) who participated in the communication(s) with Plaintiff(s); (3) the date(s) of such communication(s); and (4) the outcome of such concerns or complaints expressed by Plaintiff(s).

E. Whether Defendant(s) ever offered Plaintiff(s) a medical leave or form FMLA leave (including reduced, intermittent or block), and if so, identify the dates of the offer(s), who communicated same to Plaintiff(s), and the outcome of each and every offer (i.e. whether Plaintiff returned leave documentation, took medical leave, etc...);

F. Whether Defendant(s) contends written materials were available for Plaintiff(s) review of Plaintiff(s) FMLA rights or obligations, and if so, identify the exact documentation Defendant(s) contends was available to Plaintiff;

G. The exact dates for each and every day Plaintiff(s) was considered to have taken a day off from work during Plaintiff(s) last 2 years of employment with Defendant(s) for a health condition, due to medical restrictions, for a work injury, for a disability or due to an asserted FMLA purpose; and

H. Identify the names of each and every individual who, with the last 5 years, has made any complaints, formally or informally, verbally or in writing, to a manager, human resources employee or in an agency or in a court, about or concerning discrimination, interference or retaliation for use of FMLA or medical leave within Defendant(s).

**OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, unduly burdensome, overly broad as to time and scope, and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00131 through DEF00159, for responsive information.**

**<u>INTERROGATORY NO. 12:</u> [FMLA DESIGNATION(S)]**

Please identify each date Plaintiff was approved for FMLA leave, and if Defendant contends that Plaintiff exhausted Plaintiff's FMLA leave entitlement(s), please identify the date Defendant(s) contend those benefits were exhausted.

Conversely, if Defendant(s) contend Plaintiff was denied any request for FMLA, please state the date(s) of denial and the bases therefore.

**<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is overly broad as to time and scope and seeks information that is not relevant to either party's claims or defenses. Defendants further object to this Interrogatory to the extent it seeks information in Plaintiff's possession, custody, or control.**

**<u>RESPONSE</u>: Subject to and without waiving the foregoing objections, see documents produced in response to Plaintiff's First Set of Document Requests to Defendants, labeled with control numbers DEF00131 through DEF00159, for responsive information.**

**<u>INTERROGATORY NO. 13:</u> [NON-ATTORNEY PROVIDERS OF INFORMATION]**

Identify each and every person who answered and/or assisted in answering these Interrogatories from Defendant(s) (excluding counsel).

**<u>OBJECTIONS</u>: Defendants object to this Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege or the work-product doctrine or that constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of an attorney in this or any other litigation, or that is protected from disclosure by any other privilege or immunity.**

**RESPONSE: Subject to and without waiving the foregoing objections, the undersigned counsel drafted these responses, and the Interrogatory responses will include a verification confirming the individual's name who assisted counsel.**

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal, Esquire (PA Id. No. 319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*

Date: December 9, 2025

**VERIFICATION**

I, Brittany Shibak, hereby certify that that I am the Nursing Home Administrator ("NHA") at Lakewood Rehabilitation and Healthcare Center and that I familiar with the facts set forth herein. I have reviewed the facts and information set forth in the foregoing responses to Plaintiff's First Set of Interrogatories to Defendants, and verify that they are true and accurate to the best of my knowledge, information, and belief.

Brittany Shibak NHA

Brittany Shibak, NHA

Dated: 12/09/25

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December 2025, I caused a true and correct copy of the foregoing Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories to be served upon the following counsel of record via electronic mail:

Christine E. Burke, Esq.
KARPF, KARPF & CERUTTI, P.C.
8 Interplex Drive, Ste. 201
Feasterville-Trevose, PA 19053
cburke@karpf-law.com

*Attorneys for Plaintiff*

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith, Esquire (PA Id. No. 65866)
Preeya Bansal, Esquire (PA Id. No. 319359)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
renee.smith@jacksonlewis.com
preeya.bansal@jacksonlewis.com
*Attorneys for Defendants*