# Exhibit C

KARPF, KARPF & CERUTTI, P.C.

Erin McVicar <erin@karpf-law.com>

## Brittany Shibak

**Chris Caputo** <cpcaputo@caputomariotti.com> Thu, Apr 2, 2026 at 4:29 PM
To: Christine Burke <cburke@karpf-law.com>

Thanks for the quick response . No charges filed yet as you well know that doesn't matter . What I would like to discuss is what you wish to ask Brittany that you can assure me will have no effect on her privilege . Set aside time on Monday to catch up. Thanks for all the law it's great…. Have a peaceful holiday

Get Outlook for iOS

**From:** Christine Burke <cburke@karpf-law.com>
**Sent:** Thursday, April 2, 2026 3:58:56 PM
**To:** Chris Caputo <cpcaputo@caputomariotti.com>; Erin McVicar <erin@karpf-law.com>
**Subject:** Re: Brittany Shibak

Hi Chris -

Thank you for your email.

I have a Zoom meeting starting in about 10 minutes and am out tomorrow for Good Friday. How is Monday morning?

Obviously, we take the position that the invocation of the privilege should be limited in scope, as this woman supervised my client for many years and was intimately involved in a personnel decision to terminate (separate from any investigation that may be pursued by the PA AG's office related to any specific or several incidents of patience abuse/neglect). She can assert the privilege as she deems necessary based upon the questions posed. "[B]lanket assertions of privilege prior to a deposition are generally not favored. See N.L.R.B. v. Modern Drop Forge Co., 1997 U.S. App. LEXIS 5185, 1997 WL 120572, at *2 (rejecting a blanket assertion of the attorney-client privilege); National Life Ins. Co., 615 F.2d at 600 (holding that blanket assertions of the Fifth Amendment privilege may not be asserted to avoid a deposition). Rather, as noted above, "[t]he more appropriate method is to allow the deposition to be taken and permit [the witness] to claim privilege in the face of certain questions."Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C., No. 12-722 (NLH/AMD), 2013 U.S. Dist. LEXIS 201463, at *10 (D.N.J. May 7, 2013)(collecting cases).

Have any charges actually been filed against your client? And, are you able to confirm she is simply refusing to appear pursuant to the subpoena, as we would be pursuing a Motion to Compel pursuant to FRCP 37(a)(2).

Thank you -
Christine

On Thu, Apr 2, 2026 at 3:43 PM Chris Caputo <cpcaputo@caputomariotti.com> wrote:

> Christine,
>
> Kindly note the undersigned represents Brittany Shibak regarding her employment at Lakewood rehabilitation and healthcare center, and regarding an investigation being conducted by the Pa. Atty General's Criminal investigations Department. It would appear that the mater involving your client and the criminal investigation overlap, and I would like to discuss with you the issue of Brittany's being unavailable as a witness to be deposed pursuant to her fifth amendment privilege being asserted in the underlying criminal matter. Please let me know a good time to discuss the matter. Please also communicate only through me from this point on. I hope you enjoy a peaceful Holiday and look forward to hearing from you on the matter,
>
> CPC

--
Very truly yours,

Christine E. Burke, Esq.
*Managing Partner*
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 phone
(215) 639-4970 fax

KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

All information and attachments in this message contain privileged and confidential communication. If the reader of this message is not the intended recipient, or any employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to the message and deleting it from your computer. Thank you.